■ In the Matter of the Claim of BESS LEVY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from that part of a decision of the Unemployment Insurance Appeal Board as ruled claimant ineligible for benefits from July 17 through September 18, 1967, inclusive, on the ground that claimant failed to file a request for a hearing within the 30-day statutory period (Labor Law, § 620, subd. 1, par. [a]). The record clearly reveals that the initial determination ruling claimant ineligible, effective July 17, 1967 because of unavailability for employment, was rendered and properly mailed to claimant on September 15, 1967, and that claimant did not request a hearing on that determination until October 19, 1967. The board as the factual arbiter, of course, did not have to accept claimant's contention that she did not, in fact, receive the initial determination. Accordingly, the board's decision must be affirmed (e.g., *Matter of Mack [Catherwood]*, 28 A D 2d 1020; *Matter of Perez [Catherwood]*, 24 A D 2d 776; *Matter of Merkson [Catherwood]*, 24 A D 2d 675). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.

■ 500 EIGHTH AVE. ASSOCIATES et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 49282.) — *Per Curiam*. Appeal from an order of the Court of Claims permitting claimants to file a late notice of claim. The claim is for fire damage which occurred on March 10, 1966 to premises rented by claimants to the State Division of Employment. In support of their application for permission to file a late notice of claim (Court of Claims Act, § 10, subd. 5), claimants' attorney served an affirmation stating that on June 1, 1966 a notice of intention to file claim was served upon the Division of Employment but that "affirmant's office inadvertently failed" to file the notice with the Clerk of the Court of Claims (Court of Claims Act, § 11) and that on March 1, 1967 a notice of claim was served upon the Attorney-General but that "Again the party handling this file neglected to file a copy * * * with the Clerk's office". Under subdivision 5, above referred to, a claimant's application must show, among other things, "a reasonable excuse for the failure to file". If we were to indulge the doubtful assumption that the conclusory allegation that the attorney "inadvertently" failed to file constitutes an "excuse", we would be obliged to hold that an attorney's inadvertence is not a "reasonable excuse". (*Landry* v. *State of New York*, 1 A D 2d 934, affd. 2 N Y 2d 927; *Crane* v. *State of New York*, 29 A D 2d 1001; *Fenimore* v. *State of New York*, 28 A D 2d 626; *Hall* v. *State of New York*, 28 A D 2d 1034.) Order reversed, on the law and the facts, application denied and claim dismissed; without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam*.