■ MARTHA SEVILLIA, as Executrix of ELIAS SEVILLIA, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent. — Appeal from an order of the Court of Claims (Murray, J.), entered September 24, 1981, which denied a motion for permission to file a late notice of claim. The papers allege that this claim arose out of an auto accident that occurred in Ulster County, New York, on September 9, 1979. Decedent Elias Sevillia was a passenger in the front seat of an auto operated by his son Leon Sevillia. Stella Sevillia, wife of Leon, was a passenger in the rear seat. At a curve in the road (State Route No. 28), the car left the traveled roadway and struck a tree. Decedent sustained a fractured skull in the accident and was pronounced dead that same day on his arrival at a hospital. Leon and Stella Sevillia were injured and apparently filed timely notices of intent to file claims against the State of New York within 90 days after the date of the accident. Claimant herein, Martha Sevillia, resides in North Carolina and retained attorneys in North Carolina to process her decedent husband's estate and investigate the existence of any claims arising out of the accident. In June, 1981, claimant retained her current New York attorneys and they instituted a motion to file a late claim against the State of New York for wrongful death and for common-law personal injuries on behalf of claimant. The motion was denied and this appeal ensued. The order of the Court of Claims denying leave to file a late claim against the State pursuant to subdivision 6 of section 10 of the Court of Claims Act should be affirmed. Claimant has failed to show that the Court of Claims abused the discretion vested in it under subdivision 6 of section 10 of the Court of Claims Act (*Block v New York State Thruway Auth.*, 69 AD2d 930, 931). The Court of Claims properly found that the delay in filing was not excusable. This finding is supported by the fact that claimant attributed the failure to timely file a claim or notice of intention to her retained North Carolina attorneys' ignorance of and unfamiliarity with New York law (see *500 Eighth Ave. Assoc. v State of New York*, 30 AD2d 1010). The Court of Claims finding that claimant had another remedy is supported in the record. Moreover, the Court of Claims properly concluded that claimant failed to demonstrate that she has a meritorious cause of action. The allegations relating to the negligence of the State are general and conclusory, without any supporting facts. Something more than a mere formal allegation of negligence on the part of the State is needed (see *Matter of Santana v New York State Thruway Auth.*, 92 Misc 2d 1, 11). The Court of Claims noted that claimant did not set forth the date on which claimant was appointed executrix and was somewhat skeptical of the candor with which the facts were presented to it. Claimant also failed to place in the record the contents of the notices of intention filed on behalf of Stella and Leon Sevillia, any accident report made by the State Police, any factual report or evidence relating to the actual road conditions at the scene including a diagram thereof, or any report or statement relating to the happening of the accident by any witness, despite indications that such evidence and reports were available or within her possession. On balance therefore, considering this record in its entirety, it cannot be said as a matter of law that the Court of Claims abused its discretion. Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Weiss, JJ., concur.