■ In the Matter of MARK D. POWELL et al., Respondents, v STATE OF NEW YORK, Appellant.—Levine, J. Appeal from an order of the Court of Claims (I. Margolis, J.), entered July 29, 1991, which granted claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

On September 29, 1990, claimant Mark D. Powell was injured during the course of his employment when he struck his head on a steel beam of a bridge he was painting under a contract between his employer and the State. Approximately seven months later, claimants sought permission to file a late notice of claim. The proposed claim alleged damages resulting from a violation of the Labor Law. The Court of Claims granted claimants' application and this appeal ensued.

There should be an affirmance. In support of their application, claimants alleged that the State had actual notice of the essential facts constituting the claim and an opportunity to investigate such claim insofar as a State inspector was present at the construction site at the time of the accident and knew of its occurrence. In opposition, the State, in an affirmation of counsel who was without personal knowledge *(see, Calzada v State of New York,* 121 AD2d 988, 989), alleged only that it would be "extremely difficult" to ascertain the identity of the State inspector because claimants were only able to provide the individual's first name. No factual basis was offered for this contention, however, and indeed, there was no claim by the State that any effort had been made to determine if an inspector with the first name supplied by claimants was on the job site at the time of the accident *(see, supra,* at 990). The State also failed to substantiate its conclusory allegations that

it had no opportunity to investigate the accident or that, because of changing conditions at the job site, it would be substantially prejudiced (see, Matter of Donaldson v State of New York, 167 AD2d 805).

While the Court of Claims properly rejected claimants' excuse for the delay, deeming it to be essentially one of ignorance of the law (see, Sevillia v State of New York, 91 AD2d 792), and recognized that another remedy was available under the Workers' Compensation Law (see, Malek v State of New York, 92 AD2d 659), we note that no particular factor under Court of Claims Act § 10 (6) is controlling (see, Matter of Donaldson v State of New York, supra). Finally, we agree with the Court of Claims that claimants' papers set forth sufficient factual allegations demonstrating the merit of the claim. Under these circumstances, we cannot say that the court, after reviewing the relevant factors, abused its discretion by granting claimants' application (see, supra).

Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.