■ RICHARD WITKO et al., Appellants, v STATE OF NEW YORK, Respondent. [622 NYS2d 369] —Cardona, P. J. Appeals (1) from an order of the Court of Claims (Lyons, J.), entered November 10, 1993, which denied claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim, and (2) from an order of said court (Corbett, P. J.), entered March 22, 1994, which denied claimants' motion for reconsideration.

On August 4, 1991 claimant Richard Witko (hereinafter claimant) suffered personal injuries in a bicycle accident stemming from an alleged attack by several dogs as he was pedaling past the home of Daniel Hart located in the Town of New Scotland, Albany County. Claimant and his wife, claimant Sally Witko, commenced a personal injury action in Supreme Court against Hart. Thereafter, it was discovered that Hart was a Trooper with the State Police assigned, at the time of the accident, to a special canine unit. Believing that the dogs involved in the accident belonged to the State Police, claimants made an application to the Court of Claims for permission to file a late notice of claim. In his supporting affidavit claimant stated, "At that time, I was attacked by several canine alighting from 9 Spore Road. I was knocked off my bicycle". Claimant provided no further description of the accident. The application was denied, *inter alia,* because

claimant's factual allegations were too tenuous to provide an actual appearance of merit. The Court of Claims also determined that (1) there was no excuse for claimants' delay in filing the application, (2) there was no notice on the part of the State of the essential facts constituting the claim, and (3) claimants' Supreme Court action was an alternative remedy.

Claimants moved to renew and reargue, appending to their papers the examinations before trial in the Supreme Court action of Hart and his wife. Hart's deposition indicated that two of the three dogs possessed by Hart were his personal pets and one belonged to the State Police. The dogs were playing when claimant pedaled along the street near Hart's property. The deposition further shows that Hart's older dog and the police dog obeyed Hart's command to "stay", and that it was Hart's 7½-month-old puppy which darted into the road in front of claimant. The accident occurred when claimant's bicycle struck the puppy.

The Court of Claims denied the motion concluding that the new information did not add to the appearance of merit, particularly in light of claimant's cursory allegation* and the failure to overcome the other deficits in the earlier application. Claimants appeal both orders.

While no particular factor under Court of Claims Act § 10 (6) is controlling in determining whether to grant an application for permission to file a late notice of claim (see, Matter of Powell v State of New York, 187 AD2d 848, 849), here, a weighing of several relevant factors militates against granting claimants' application. First, claimants provide no excuse for the delay in filing. Second, there is insufficient proof of notice to the State. We reject claimants' contention that the observations by Hart and his subsequent casual conversations with co-workers established notice to the State of the essential facts constituting the claim. Notice will not be imputed to the State where, as here, the claimed knowledge is that of the alleged tortfeasor, and not that of a person possessing the supervisory authority to initiate an investigation into the claim (see, Tarquinio v City of New York, 84 AD2d 265, 270, affd sub nom. Pierson v City of New York, 56 NY2d 950; Matter of Cooper v City of Rochester, 84 AD2d 947; Phillips v State of New York, 36 AD2d 679). Third, there is another remedy

---

* The motion to renew and reargue contained no additional affidavits from claimants. The quoted allegation is the only information of the circumstances surrounding the accident provided by claimants other than the transcripts.

available to claimants, namely the Supreme Court action against Hart.

Finally, we agree with the Court of Claims that the claim lacks the appearance of merit. Claimants' allegation, lacking supportive facts, is conclusory in nature (see, Calco v State of New York, 165 AD2d 117, 119, lv denied 78 NY2d 852; Sevillia v State of New York, 91 AD2d 792). A general allegation of negligence on the part of the State is insufficient to establish a meritorious cause of action (see, Sevillia v State of New York, supra; see also, Jolley v State of New York, 106 Misc 2d 550, 551; Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11). The addition of Hart's deposition to establish State ownership of the attacking dogs not only fails to amplify claimants' allegation, but it actually detracts from it by removing the State's dog from involvement in the accident.

Under all these circumstances, we cannot say that the Court of Claims abused its discretion in denying claimant's motion for reconsideration or the application for permission to file a late notice of claim.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.