OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Decedent sustained fatal injuries after he exited a gas station off State Highway 17, drove into oncoming traffic, and collided head-on with a vehicle traveling in the opposite direction. Claimant brought this negligence action against the State, asserting causes of action for wrongful death, personal injuries, and loss of consortium. She did not, however, commence the action in accordance with the requirements of Court of Claims Act § 10 (2) and (3), which prescribe the terms and conditions for bringing such claims against the State.
Owing to claimant’s failure to comply with these sections, the Court of Claims determined that the action was never properly commenced and therefore dismissed it. The Appellate Division affirmed. In addition, the Court of Claims refused to grant claimant relief under Court of Claims Act § 10 (6), which gives the court discretionary power to allow the late filing of a claim upon consideration of a number of factors, including the merits of the case. The court, noting in part that decedent drove into the oncoming traffic lane despite signs warning against doing so, found that there was no apparent merit to claimant’s claim. That ruling, however, which was also affirmed by the Appellate Division, is not now before us.
The appeal before us is governed by Dreger v New York State Thruway Auth. (81 NY2d 721, 724), in which we held that *913 “[b]ecause suits against the State are allowed only by the State’s waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed,” and that, accordingly, claimants who had not met the literal requirements of Court of Claims Act § 11 had not properly commenced their actions.
Court of Claims Act § 10 (2) and (3) contemplate that an executor or administrator be formally appointed before commencing an action against the State. Section 10 (2) specifically mandates that a wrongful death claim be brought “within ninety days after the appointment of such executor or administrator.” Section 10 (3) deals with personal injury claims. When, as here, the claim is a “survival” action on behalf of an intestate decedent, the proper claimant can be only a duly appointed personal representative in receipt of letters of administration (see, EPTL 11-3.2; see also, EPTL 1-2.13). Claimant, who started her action in the Court of Claims before receiving letters of administration, did not meet the requirements of the Court of Claims Act, and thus did not properly commence the action. Lastly, we conclude that claimant’s arguments with respect to the application of CPLR 205 (a) on this appeal are without merit.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, with costs, in a memorandum.