■ Melvyn Kaufman et al., Appellants, v State of New York, Respondent. (Claim No. 67716.) [794 NYS2d 665]—

In a claim to recover for damage to property, the claimants appeal from an order of the Court of Claims (Scuccimarra, J.), dated April 7, 2004, which denied their motion for leave to serve and file a late claim.

Ordered that the order is affirmed, with costs.

The Court of Claims providently exercised its discretion in denying the claimants' motion for leave to serve and file a late claim (*see* Court of Claims Act § 10; *Matter of E.K. v State of New York,* 235 AD2d 540 [1997]). The actions complained of were discretionary acts performed by public employees of the New York State Department of Environmental Conservation (hereinafter the DEC), which do not give rise to governmental liability even when the conduct is negligent (*see Pelaez v Seide,* 2 NY3d 186, 198-199 [2004]; *Lauer v City of New York,* 95 NY2d 95, 99 [2000]; *Kelleher v Town of Southampton,* 306 AD2d 247 [2003]; *Boland v State of New York,* 218 AD2d 235 [1996]). Furthermore, no special relationship was formed, as the claimants failed to establish their reliance on any affirmative undertaking by the DEC (*see Pelaez v Seide, supra* at 202; *Cuffy v City of New York,* 69 NY2d 255, 260 [1987]; *Bishop v Bostick,* 141 AD2d 487 [1988]). As to the cause of action alleging fraud, the claimants failed to show that the alleged misrepresentations were made with intent to deceive, or that they relied on those statements to their detriment (*see C.P.J. Inc. v 234 High Seas Rest. Corp.,* 260 AD2d 524 [1999]).

Furthermore, the claimants presented no reasonable excuse

for failing to timely file the claim, and alternative remedies were available to them (*see* Court of Claims Act § 10 [6]). Thus, it was within the discretion of the Court of Claims to deny the motion for leave to serve and file a late claim (*see Matter of Mudd v State of New York,* 255 AD2d 386 [1998]). Adams, J.P., Ritter, Goldstein and Lifson, JJ., concur.