■ JERRY OLSEN, Appellant, v STATE OF NEW YORK et al., Respondents. [845 NYS2d 758]—

In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Ruderman, J.), dated January 31, 2007, which denied his motion pursuant to Court of Claims Act § 10 (6) for leave to file a late claim against the State of New York and the Palisades Interstate Park Commission.

Ordered that the order is affirmed, with costs.

The Court of Claims providently exercised its discretion in denying the claimant's motion to file a late claim. Upon weighing the statutory factors set forth in Court of Claims Act § 10 (6), the court properly determined that the claimant's failure to serve a timely claim upon the Attorney General due to ignorance of the law was not excusable (*see Anderson v City Univ. of N.Y. at Queens Coll.,* 8 AD3d 413 [2004]; *Quilliam v State of New York,* 282 AD2d 590 [2001]; *Matter of E.K. v State of New York,* 235 AD2d 540 [1997]). Furthermore, the claimant failed to adequately set forth sufficient facts demonstrating that his claim was meritorious (*see Anderson v City Univ. of N.Y. at Queens Coll.,* 8 AD3d 413 [2004]; *Qing Liu v City Univ. of N.Y.,* 262 AD2d 473 [1999]; *Witko v State of New York,* 212 AD2d 889 [1995]; *Matter of Garguiolo v New York State Thruway Auth.,*

145 AD2d 915, 916 [1988]). In addition, alternative remedies, including workers' compensation benefits, are available to the claimant (*see Kaufman v State of New York*, 18 AD3d 504 [2005]; *Witko v State of New York*, 212 AD2d 889 [1995]; *Matter of Powell v State of New York*, 187 AD2d 848, 849 [1992]; *Matter of Garguiolo v New York State Thruway Auth.*, 145 AD2d 915 [1988]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.