■ In the Matter of CURTIS MAGEE, Appellant, v STATE OF NEW YORK, Respondent. [863 NYS2d 840]—

Rose, J. Appeal from a judgment of the Court of Claims (Ferreira, J.), entered June 20, 2007, which, among other things, denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

On February 14, 2004, while incarcerated at Eastern Correctional Facility in Ulster County, claimant's knee "popped out" during a basketball game on a facility court. At the time, claimant indicated that the injury occurred when he collided with another player while going for a rebound. Claimant underwent surgery the following day.

Claimant served his notice of intention to file a claim on May 24, 2004 and served his claim on October 11, 2005 alleging that his injury was caused by stepping in a pothole and/or the uneven playing surface of the facility basketball court. Defendant

answered, raising timeliness as a defense, and claimant moved for permission to file a late claim pursuant to Court of Claims Act § 10 (6). Defendant opposed that relief and cross-moved to dismiss the claim as untimely. The Court of Claims denied claimant's motion and granted defendant's cross motion, prompting this appeal.

Claimant admittedly filed his notice of intention to file a claim beyond the 90-day limitations period (*see* Court of Claims Act § 10 [3]) and, hence, the Court of Claims lacked subject matter jurisdiction (*see City of New York v State of New York*, 46 AD3d 1168, 1170 [2007], *lv denied* 10 NY3d 705 [2008]; *Matter of Best v State of New York*, 42 AD3d 699, 700 [2007]). As to the relief sought, "[i]t is well settled that the decision to grant or deny a motion for permission to file a late notice of claim lies within the broad discretion of the Court of Claims and should not be disturbed absent a clear abuse of that discretion" (*Matter of Soble v State of New York*, 189 AD2d 970, 970 [1993]; *see Calco v State of New York*, 165 AD2d 117, 119 [1991], *lv denied* 78 NY2d 852 [1991]). We perceive no abuse of that discretion here.

Although the majority of the statutory factors set forth in Court of Claims Act § 10 (6) may be resolved in favor of claimant, the denial of an application will not be disturbed where, as here, "the excuse offered for the delay is inadequate and the proposed claim is of questionable merit" (*Matter of Brown v State of New York*, 52 AD3d 1136, 1136 [2008] [internal quotation marks and citations omitted]; *see Matter of Best v State of New York*, 42 AD3d at 700). Even accepting that claimant did not have access to the facility's law library during "most of the time" he was confined to the facility's infirmary, the record reflects that he was discharged to his housing unit on April 2, 2004, approximately six weeks before the expiration of the 90-day statutory period, at which time he was ambulatory. Thus, claimant failed to demonstrate that his injury prevented him from timely filing and serving his notice of intention to file a claim. As to the merits of the claim, a review of the record as a whole, including claimant's belated and conclusory assertion that his injury was caused by a defect in the surface of the basketball court, does not "give reasonable cause to believe that a valid cause of action exists" (*Sands v State of New York*, 49 AD3d 444, 444 [2008]). Claimant's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.