■ JOYCE THOMAS, Respondent, v STATE OF NEW YORK, Appellant. [871 NYS2d 333]—

Rasheida Thomas died while a patient at a hospital owned and operated by the State of New York. Her mother, Joyce Thomas, as the purported administor of the decedent's estate and in her individual capacity, commenced this claim against

the State to recover damages for medical malpractice and wrongful death. The State moved to dismiss the claim based on a lack of capacity to sue. In an order dated March 12, 2007, the Court of Claims, inter alia, granted that motion. Subsequently, in an order dated August 21, 2007, upon reargument, the Court of Claims, among other things, vacated so much of the original order as granted the State's motion to dismiss, and thereupon, denied that motion and directed reinstatement of the claim on the condition that the claimant obtain capacity to sue within 30 days of the filing of the order. We reverse the order dated August 21, 2007, insofar as appealed from.

A claim against the State is allowed only by the State's waiver of sovereign immunity and in derogation of the common law (*see Lichtenstein v State of New York*, 93 NY2d 911, 913 [1999]; *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]). Consequently, the statutory requirements conditioning a claim are strictly construed and applied (*see Lichtenstein v State of New York*, 93 NY2d at 913; *Dreger v New York State Thruway Auth.*, 81 NY2d at 724). Relevant to this appeal, Court of Claims Act § 10 (2) and (3), which concern wrongful death claims and personal injury claims, respectively, contemplate the formal appointment of an executor or administrator before the commencement of a claim against the State to recover damages for the same (*see Lichtenstein v State of New York*, 93 NY2d at 913). Here, such an appointment did not occur until October 18, 2007. Where, as here, a claim has been commenced by a claimant prior to such an appointment, the claim must be dismissed (*see Lichtenstein v State of New York*, 93 NY2d at 913). Holding the claim in abeyance until the claimant obtains such an appointment, as the court effectively did here, is contrary to the strict construction and application given the Court of Claims Act (*see generally Kolnacki v State of New York*, 8 NY3d 277, 281-282 [2007]; *Lichtenstein v State of New York*, 93 NY2d at 913; *Dreger v New York State Thruway Auth.*, 81 NY2d at 724). Indeed, in *Lichtenstein*, the claim was dismissed even though the claimant obtained capacity shortly after the claim was commenced and approximately two years before the motion to dismiss was made. Further, in granting dismissal, the Appellate Division, Third Department, in a determination affirmed on appeal, denied that branch of the claimant's cross motion which was to deem the claim "duly served and filed nunc pro tunc," finding such a remedy unavailable under the circumstances (*Lichtenstein v State of New York*, 252 AD2d 921, 922 [1998], *affd* 93 NY2d 911 [1999]). Accordingly, here, upon reargument, the court should have adhered to its original determination in the order dated March 12, 2007 granting the State's motion to dismiss the claim.

The claimant's remaining contentions are without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.