JEREMY MARC LANGNER, Individually and as Proposed Administrator of the Estate of ALFRED B. LANGNER, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent. [883 NYS2d 667]—

Peters, J.P. Appeal from an order of the Court of Claims (Collins, J.), entered May 16, 2008, which, among other things, granted defendant's motion to dismiss the claim.

This action arises from a January 25, 2007 one-car accident

on Interstate 87 in the Town of North Hudson, Essex County. Decedent was driving with his wife, claimant Barbara Langner (hereinafter Langner), when their car left the roadway and became trapped in a snow-filled embankment. According to the proposed claim, both Langner and decedent suffered severe injuries as a result of the accident and, unable to summon help because cellular phone service was not available, decedent succumbed to hypothermia.

In April 2007, claimants served defendant with three notices of intention to file a claim, two naming Langner as claimant and the other naming decedent's son, Jeremy Marc Langner, as claimant in both his individual capacity and as the proposed executor of decedent's estate. Subsequently, in November 2007, claimants served a claim alleging various causes of action for, among other things, wrongful death and personal injuries to both decedent and Langner. Defendant then moved to dismiss the claim and claimants cross-moved to amend their notices of intention and/or for leave to file a late claim.[1] The Court of Claims granted defendant's motion to dismiss the claim and denied claimants' cross motion, prompting this appeal.

We find that the Court of Claims properly dismissed claimants' November 2007 claim. Pursuant to Court of Claims Act § 10 (3), a claim to recover for personal injuries must be filed and served within 90 days of the accrual of the claim, unless the claimant files a notice of intention to file a claim within that same time period. Further, Court of Claims Act § 11 (b) requires that a claim, or a notice of intention, set forth, among other things, "the time when and place where such claim arose, the nature of same [and] the items of damage or injuries claimed to have been sustained" (*see Hogan v State of New York*, 59 AD3d 754, 754 [2009]; *Lepkowski v State of New York*, 302 AD2d 765, 766 [2003], *affd* 1 NY3d 201 [2003]). Because claims against defendant are allowed only by virtue of its waiver of sovereign immunity, the failure to strictly comply with the filing or service provisions of the Court of Claims Act divests the court of subject matter jurisdiction (*see Kolnacki v State of New York*, 8 NY3d 277, 280-281 [2007]; *Bush v State of New York*, 60 AD3d 1244, 1245 [2009]; *Tooks v State of New York*, 40 AD3d 1347, 1348 [2007], *lv denied* 9 NY3d 814 [2007]).

Here, the two notices of intention to file a claim that were served on April 25, 2007 failed to name defendant as a party,

---

1. During the course of motion practice, in January 2008, Jeremy Marc Langner, as executor of decedent's estate, filed a notice of intention to file a claim for both wrongful death and decedent's personal injuries. The record suggests, and defendant concedes, that this notice was timely.

much less provide any indication of the manner in which it was negligent. As such, we find that the Court of Claims properly found those notices of intention deficient and, thus, they did not serve to extend claimants' time for the filing of their claims (*see Czynski v State of New York*, 53 AD3d 881, 883 [2008], *lv denied* 11 NY3d 715 [2009]; *Cendales v State of New York*, 2 AD3d 1165, 1167 [2003]). Furthermore, as claimants filed their April 30, 2007 notice of intention beyond the 90-day limitations period, it, too, was insufficient to extend claimants' time to submit a claim (*see* Court of Claims Act § 10 [3]; *Matter of Magee v State of New York*, 54 AD3d 1117, 1118 [2008]; *Rivera v State of New York*, 5 AD3d 881, 881 [2004]).

Turning to the November 2007 claim itself, inasmuch as no valid notice of intention to file a claim was submitted within the 90-day statutory period, the Court of Claims was correct in ruling that such claim, filed almost 10 months after the accident, was untimely for all causes of action with respect to Langner (*see* Court of Claims Act § 10 [3]; *Ferrugia v State of New York*, 237 AD2d 858, 859 n 1 [1997]). Additionally, we find that the causes of action brought on behalf of decedent in the November 2007 claim, including wrongful death and personal injury, were also untimely. Court of Claims Act § 10 (2) requires that, absent a valid written notice of intention to file a claim, a wrongful death action alleging negligence against defendant "shall be filed and served upon the attorney general within [90] days after the appointment of [the] executor or administrator" (*see Lichtenstein v State of New York*, 93 NY2d 911, 913 [1999]; *see also Thomas v State of New York*, 57 AD3d 969, 970 [2008]).[2] Thus, here, where service of the November 2007 claim was effected on both the Court of Claims and the Attorney General more than two weeks before Jeremy Marc Langner was appointed as the executor of the estate, and there being no valid and timely notice of intention to file a claim served, we find that the court properly dismissed the "survival" causes of action on behalf of decedent as untimely (*Lichtenstein v State of New York*, 93 NY2d at 913).

We turn, finally, to claimants' contention that the Court of Claims erred in denying their cross motion to file a late notice of claim. The decision whether to grant or deny an application

---

**2.** While Court of Claims Act § 10 is silent about the timing for the filing and service of a claim by an executor or administrator for causes of action other than wrongful death brought on behalf of a decedent, it has been held that all "survival" claims are subject to the service and filing requirements contained in section 10 (2) (*Lichtenstein v State of New York*, 93 NY2d at 912-913; *see Tooks v State of New York*, 40 AD3d at 1348; *see also Thomas v State of New York*, 57 AD3d at 970).

to file a late claim " 'lies within the broad discretion of the Court of Claims and should not be disturbed absent a clear abuse of that discretion' " (*Matter of Magee v State of New York*, 54 AD3d at 1118, quoting *Matter of Soble v State of New York*, 189 AD2d 970, 970 [1993]; *see Matter of Best v State of New York*, 42 AD3d 699, 700 [2007]). In making its determination, the court is required to consider the statutory factors enumerated in Court of Claims Act § 10 (6), and this Court has consistently declined to disturb the denial of an application where there is an inadequate excuse offered for the delay and the proposed claim is of questionable merit (*see e.g. Matter of Magee v State of New York*, 54 AD3d at 1118; *Matter of Brown v State of New York*, 52 AD3d 1136, 1136 [2008]; *Matter of Robinson v State of New York*, 35 AD3d 948, 949-950 [2006]).

Here, claimants' excuse for not meeting the statutory deadlines for filing was inadequate, inasmuch as they have admitted it was due to law office failure (*see e.g. Matter of Magee v State of New York*, 54 AD3d at 1118; *Matter of Bonaventure v New York State Thruway Auth.*, 114 AD2d 674, 674-675 [1985], *affd* 67 NY2d 811 [1986]). While defendant admits no prejudice would accrue by virtue of the late filing, we find, nonetheless, that the Court of Claims did not err in determining that claimants failed to demonstrate the potential merit of their claim. Claimants' theory of negligence is premised upon allegations of improper design and construction of the roadway which resulted in a dangerous condition, failure to maintain adequate signage and failure to prevent the accumulation of snow and ice on the road. However, claimants proffered no evidence regarding the manner in which the accident occurred or any evidence that tended to substantiate the alleged design, construction or signage defects (*see Witko v State of New York*, 212 AD2d 889, 891 [1995]; *Sevillia v State of New York*, 91 AD2d 792 [1982]; *see also Pagano v New York State Thruway Auth.*, 235 AD2d 409 [1997]; *see generally Matter of Robinson v State of New York*, 35 AD3d at 949-950). Nor have claimants proffered any evidence as to the extent to which snow and ice was present on the road or whether defendant had actual or constructive notice of such conditions and failed to correct or warn motorists of it (*see Hart v State of New York*, 43 AD3d 524, 525 [2007]; *Calco v State of New York*, 165 AD2d 117, 119-120 [1991], *lv denied* 78 NY2d 852 [1991]). Thus, we agree that the conclusory allegations in the claim were not enough to establish a meritorious cause of action and, as such, we decline to

disturb the decision of the Court of Claims to deny permission to file a late claim.[3]

We have considered claimants' remaining contentions and find them to be without merit.

Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

**3.** The fact that decedent's estate may still file a claim for wrongful death and personal injury to decedent by virtue of the January 2008 notice of intention to file a claim is another factor that, while apparently not considered by the Court of Claims, supports its determination in this regard.