Matter of Barnes v State of New York (2018 NY Slip Op 03401)





Matter of Barnes v State of New York


2018 NY Slip Op 03401


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

524542

[*1]In the Matter of ANTHONY BARNES, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: March 30, 2018

Before: McCarthy, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Anthony Barnes, Marcy, appellant pro se.
Barbara D. Underwood, Acting Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Court of Claims (Hard, J.), entered September 23, 2016, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.
Claimant, a state prison inmate, alleges that he was assaulted by numerous correction officers in retaliation for filing grievances. He served a notice of intention to file a claim based on the alleged assault, but did so after the statutory deadline (see Court of Claims Act § 10 [3-b]). Thereafter, claimant moved for permission to file a late claim, wherein he reiterated the assault allegations and asserted that state employees were interfering with his outgoing mail in attempts to prevent the instant litigation. The Court of Claims
denied claimant's application on the grounds that he failed to proffer a reasonable excuse for the delay, that alternative remedies were still available to him and that his claim lacked the appearance of merit. Claimant appeals.
We affirm. A claim to recover damages for personal injuries caused by the intentional tort of a state employee must be filed and served within 90 days after accrual of such claim (see Court of Claims Act § 10 [3-b]; Burks v State of New York, 119 AD3d 1302, 1303 [2014]). Where, as here, such claim is untimely, "[t]he Court of Claims is vested with broad discretion to grant or deny a motion for permission to file a late claim following the consideration of the statutory factors enumerated in Court of Claims Act § 10 (6)" (Matter of Robinson v State of New York, 35 AD3d 948, 949 [2006]; see Matter of Martinez v State of New York, 62 AD3d [*2]1225, 1226 [2009]), and "its decision will not be disturbed absent a clear abuse of that discretion" (Matter of Barnes v State of New York, 158 AD3d 961, 962 [2018] [internal quotation marks and citation omitted]). No single statutory factor is deemed controlling (see id.; Matter of Thomas v State of New York, 272 AD2d 650, 651 [2000]). Even if the majority of the statutory factors "may be resolved in favor of [a] claimant, the denial of an application will not be disturbed where . . . 'the excuse offered for the delay is inadequate and the proposed claim is of questionable merit'" (Matter of Magee v State of New York, 54 AD3d 1117, 1118 [2008], quoting Matter of Brown v State of New York, 52 AD3d 1136, 1136 [2008]).
The Court of Claims correctly determined that claimant's excuse for his late filing was inadequate (see Matter of Barnes v State of New York, 158 AD3d at 962-963), and that the denial of the application did not leave him without adequate alternative remedies (see Deleon v State of New York, 64 AD3d 840, 841 [2009], lv denied 13 NY3d 712 [2009]; see generally Hogan v Fischer, 738 F3d 509, 517 [2d Cir 2013]). "As to the merits of the claim, a review of the record as a whole . . . does not give reasonable cause to believe that a valid cause of action exists" (Matter of Magee v State of New York, 54 AD3d at 1118 [internal quotation marks and citation omitted]). Accordingly, we cannot say that the court abused its discretion in denying claimant's application.
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.