Kiesow v State of New York (2018 NY Slip Op 03670)





Kiesow v State of New York


2018 NY Slip Op 03670


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-01155

[*1]Joan Kiesow, etc., appellant, 
v
State of New York, respondent. (Claim No. 122343)


Ray, Mitev & Associates, Miller Place, NY (Vesselin Mitev and John Ray of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Matthew W. Grieco of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries and wrongful death, the claimant appeals from an order of the Court of Claims (Stephen J. Lynch, J.), dated June 26, 2015. The order granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross motion for summary judgment on the issue of liability and for leave to amend the claim.
ORDERED that the order is affirmed, with costs.
The claimant, on behalf of her son, commenced this claim to recover damages for personal injuries and wrongful death. The defendant moved for summary judgment dismissing the claim, and the claimant cross-moved for summary judgment on the issue of liability and for leave to amend the claim. The Court of Claims granted the defendant's motion and denied the claimant's cross motion. The claimant appeals.
" [B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Kolnacki v State of New York, 8 NY3d 277, 280, quoting Lichtenstein v State of New York, 93 NY2d 911, 913 [internal quotation marks omitted]). Court of Claims Act § 10(3) provides that a claim to recover damages for personal injuries caused by the negligence of a state employee must be filed within 90 days after the accrual of such claim, unless the claimant within such time serves a written notice of intention to file a claim, in which event the claim must be filed within two years after the accrual of the claim (see Hargrove v State of New York, 138 AD3d 777, 777). Court of Claims Act § 10(2) provides that a wrongful death claim must be filed within 90 days after the appointment of an executor or administrator of a decedent, unless the claimant within such time serves a written notice of intention to file a claim, in which event the claim must be filed within two years after the death of the decedent (see Lichtenstein v State of New York, 93 NY2d at 913; Thomas v State of New York, 57 AD3d 969, 970).
Here, neither the claim nor the notice of intention to file a claim was filed within 90 days after the accrual of the personal injury claim, and thus, the personal injury claim was not timely. [*2]Moreover, since the claim was commenced prior to the claimant's appointment as administrator of her son's estate, she failed to comply with the requirements for commencing a wrongful death claim (see Lichtenstein v State of New York, 93 NY2d at 913; Thomas v State of New York, 57 AD3d at 970). The failures to strictly comply with Court of Claims Act § 10(2) and (3) were jurisdictional defects compelling dismissal of the claim (see Hargrove v State of New York, 138 AD3d at 777).
The claimant's remaining contentions are either without merit or need not be reached in light of our determination.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court