Francis v State of New York (2023 NY Slip Op 03853)

Francis v State of New York

2023 NY Slip Op 03853

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-08412

[*1]Amanda Francis, etc., appellant, 
v
State of New York, respondent. (Claim No. 130941)

Rosenbaum & Rosenbaum, P.C., New York, NY (Matthew T. Gammons of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Judith N. Vale of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for medical malpractice and wrongful death, the claimant appeals from an order of the Court of Claims (David A. Weinstein, J.), dated May 6, 2020. The order, insofar as appealed from, granted the defendant's motion to dismiss the claim and denied that branch of the claimant's cross-motion which was for leave to recommence the claim pursuant to CPLR 205(a).
ORDERED that the order is affirmed insofar as appealed from, with costs.
Mabel Francis (hereinafter the decedent) died on July 6, 2016. On February 2, 2018, the claimant, Amanda Francis, commenced this claim, inter alia, to recover damages for personal injuries and wrongful death against the State of New York related to the decedent's treatment at SUNY Downstate Medical Center in Brooklyn. Although she had not been issued letters of administration, the claimant designated herself as the administrator of the decedent's estate in the caption of the claim. On July 18, 2019, letters of administration were issued to the claimant. In September 2019, the State moved pursuant to Court of Claims Act § 10(2) and (3) and CPLR 3211(a) to dismiss the claim on the ground that the claimant lacked the legal capacity to commence the claim. In November 2019, the claimant cross-moved, among other things, for leave to recommence the claim pursuant to CPLR 205(a). The Court of Claims, inter alia, granted the State's motion and denied that branch of the claimant's cross-motion. The claimant appeals.
A claim against the State is allowed only by the State's waiver of sovereign immunity and in derogation of the common law (see Lichtenstein v State of New York, 93 NY2d 911, 913). Consequently, the statutory requirements conditioning a claim are strictly construed and applied (see id. at 913). Court of Claims Act § 10(2) and (3), which concern wrongful death and personal injury claims, respectively, contemplate the formal appointment of an executor or administrator before the commencement of a claim against the State to recover damages for the same (see Lichtenstein v State of New York, 93 NY2d at 913; Kiesow v State of New York, 161 AD3d 1060, 1061-1062; Thomas v State of New York, 57 AD3d 969, 970).
Here, the claim was filed on February 2, 2018, but the formal appointment of the [*2]claimant as the administrator of the decedent's estate did not occur until July 18, 2019. Where, as here, a claim has been commenced by a claimant prior to such an appointment, the claim must be dismissed (see Lichtenstein v State of New York, 93 NY2d at 913; Kiesow v State of New York, 161 AD3d at 1061-1062; Thomas v State of New York, 57 AD3d at 970).
Because the claimant had no authority to file the claim against the State before she was appointed decedent's administrator, the Court of Claims properly denied her requested relief under CPLR 205(a) (see Lichtenstein v State of New York, 252 AD2d 921, 922-923, affd 93 NY2d 911).
Contrary to the claimant's contention, the Court of Claims had no discretion to consider a late filed claim because the claimant's request to the court was not made within the applicable statute of limitations periods for the underlying causes of action as required by Court of Claims Act § 10(6) (see Shah v State of New York, 178 AD3d 871, 873).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court