Nolan v State of New York (2026 NY Slip Op 00200)

Nolan v State of New York

2026 NY Slip Op 00200

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

13861|Appeal No. 5596|Case No. 2024-01596|

[*1]Ralph Nolan, Claimant-Appellant,
vThe State of New York, Defendant-Respondent. 

Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellant.
Letitia James, Attorney General State of New York (Cleland B. Watson II of counsel), for respondent.

Order of the Court of Claims of the State of New York (Javier E. Vargas, J.), entered on or about February 6, 2024, which granted the State's motion to dismiss the claim, unanimously affirmed, without costs.
Section 8-b of the Court of Claims Act, known as the Unjust Conviction and Imprisonment Act, waives the State's sovereign immunity in allowing actions for damages by claimants wrongfully convicted of a crime "against the state" (Court of Claims Act § 8-b[3][a]). Claimant was convicted by a jury in the United States District Court for the Southern District of New York of conspiracy to commit robbery and attempted robbery, both under the Hobbs Act (18 USC § 1951), and of brandishing a weapon during a crime of violence, all violations of federal criminal law (18 USC § 924 [c][1][A][ii]). Claimant was sentenced to 10 years in a federal prison. Because these facts establish that the crimes of which claimant was convicted were not "against the state," the court properly determined that it lacked subject matter jurisdiction over the claim.
The argument by claimant that the language in Court of Claims Act § 8-b(3)(a) that references crimes "against the state" should be construed broadly to encompass federal criminal prosecutions in New York State is unavailing. Because actions against the State are in derogation of the common law and allowed only upon the State's waiver of sovereign immunity, statutory requirements conditioning suit must be strictly construed (see Lichtenstein v State of New York, 93 NY2d 911, 913 [1999]). There is no language in the statute to indicate that New York intended to assume liability for any wrongful prosecution and conviction claims associated with a federal prosecution. While the phrase, "the state," is not defined in the statute, statutory construction requires that the statute's provisions be construed as a whole to derive its meaning (see Alcantara v Annucci, 42 NY3d 142, 148 [2024]). Upon review of the statute, including other references throughout to "the state," we conclude that the phrase "the state" in the Unjust Conviction and Imprisonment Act refers only to New York State. Even if it did not, we note that only Congress may waive the federal government's sovereign immunity (see United States v Sherwood, 312 US 584, 587-588 [1941]). Further, claimant has not demonstrated how the NYPD's involvement in the investigation of the crimes transforms them to ones having been committed "against the state."
Because claimant cannot establish that the Unjust Conviction and Imprisonment Act applies to crimes committed against the United States, as opposed to New York State, we need not reach the issue of whether he no longer stands convicted by reason of any of the predicates enumerated in Court of Claims Act § 8-b(3)(b).
We have considered the claimant's remaining arguments and find them unavailing..THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026