■ INCORPORATED VILLAGE OF FLOWER HILL, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33487.) — Appeal by the appellant State of New York from a money judgment based on its alleged negligence in failing to provide proper adequate drainage of a State highway system. In 1954 the State contracted for reconstruction of a portion of the North Hempstead Turnpike in Nassau County. As part of the work, existing drainage facilities were changed by including more drainage territory and by the installation of a 72-inch concrete culvert under the highway. For over a year after completion there were no trouble or complaints as to the working or adequacy of the system but on August 12-13, 1955, what was known as "Hurricane Connie" descended upon the locality leaving 8.2 inches rainfall which resulted in an overflow and damage to two streets of the claimant village in the amount of the judgment herein. All of the witnesses agreed that it was an unprecedented storm. The court found the State negligent and its negligence the sole proximate cause of the damage to the village streets. On this appeal, the State contends that the findings were contrary to the weight of the evidence and further that the village cannot maintain an action for damages against the State arising out of its governmental capacity. The question of recovering damages to municipal property used in governmental facilities was not before the lower court and is raised for the first time on this appeal. Section 8 of the Court of Claims Act constitutes a waiver of immunity from liability by the State and subdivision 2 of section 9 (of the same act) gives jurisdiction to the court to hear and determine the claim of any municipality against the State for the torts of its officers or employees. It makes no distinction between property held in its governmental or in its proprietary capacity. The State has been held liable to private individuals for failure to provide adequate culverts. (*Logan* v. *State of New York*, 162 Misc. 793, affd. 254 App. Div. 410.) Under similar circumstances it has been held that a municipality is entitled to recover. (*Town of Vienna* v. *State of New York*, 203 Misc. 1053, 1058–1059.) The right of the claimant to bring this action being established, we turn to the question of liability of the State for negli-

gence under the facts here involved. That the claim for damages herein was caused as the result of an unprecedented amount of rainfall in a given period of time is not in dispute nor the fact that for a year prior the drainage facilities had been adequate and functioned without trouble or complaint. The case of *Mennito* v. *Town of Wayland* (56 N. Y. S. 2d 654) relied upon by the court below is not controlling as there the damage was a continuing one and foreseeable. The evidence shows that there had been no damage prior to the improvements but thereafter a condition existed for over a year of which the town had notice. In *Cashin* v. *City of New Rochelle* (256 N. Y. 190) the plaintiff contended that the city constructed artificial channels which collected surplus water and discharged the same into a brook where it would naturally go; that it caused an increased flow in volume of water resulting in damage to his (plaintiff's) property. In discussing the liability, the court said at page 194: "The relation of cause and effect must be established. The burden is on the plaintiff to establish that the flooding was caused by the construction of artificial channels rather than by unprecedentedly heavy rains. (*North Dakota* v. *Minnesota*, 263 U. S. 365.)" There was no evidence adduced to show prior notice of any defect nor was it shown that such circumstance (Hurricane Connie) was or should have been foreseeable on the part of the State. (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339, 344–345; *Rosen* v. *Bronx Hosp.*, 308 N. Y. 925, 926.) We accordingly find that the decision and findings are contrary to the weight of evidence. Judgment reversed and the claim dismissed, without costs. Settle order. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur. [8 Misc 2d 679.]