■ Alfred Heisler et al., Respondents, v State of New York, Appellant.—Order unanimously affirmed, with costs. Memorandum: Claimant, Ann Heisler, fell after she left a polling place located in an elementary school in West Seneca, New York, on election day November 4, 1975. She later served a notice of intent to file a claim and subsequently moved that the notice be treated as the claim itself. From an order granting the motion, the State appeals. It urges that the Court of Claims improperly construed the notice of claim and also asserts, for the first time, that the State has not waived its sovereign immunity for this kind of act. The first question is with what specificity must a claim be stated under section 11 of the Court of Claims Act. That section provides in pertinent part, "The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed." What is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances. The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 is what is required *(Chalmers & Son v State of New York,* 271 App Div 699, 701, affd 297 NY 690; *Barski v State of New York,* 43 AD2d 767; *Otis Elevator Co. v State of New York,* 52 AD2d 380, 384). Conclusory or general allegations of negligence that fail to adduce the

manner in which the claimant was injured and how the State was negligent do not meet its requirements (*Patterson v State of New York,* 54 AD2d 147, 150). A notice of intention to file a claim may be treated as a claim when it alleges the necessary elements of a cause of action in negligence. Examining the notice in this case reveals that it states the date, time and place of the mishap and that the polling place "is under the supervision of the Erie County Board of Elections * * * the Town of West Seneca * * * and the West Seneca Central School District * * * all acting pursuant to obligations imposed by the State of New York." It further alleges that Mrs. Heisler fell and fractured her right leg "at approximately 8:45 P.M. and as a result of proof and inadequate lighting and improper maintenance of the exterior premises". This notice of intention substantially complied with the statute because it states the time, place, nature of the claim, injuries and total sum claimed. The State was thus adequately notified so that it could take such immediate investigative action as it deemed necessary. The *manner* in which claimant was injured and *how* the defendant was negligent were stated or can be reasonably inferred (see *Schweitzer v Mindlin,* 248 NY 560, 561). The State also argues that claimants failed to allege that the State of New York owned, leased or otherwise controlled the premises. The notice of intent, however, sufficiently alleged control when it stated that the school district, town and board of elections were all acting pursuant to obligations imposed by the State of New York (*O'Brien v City of Saratoga Springs,* 224 App Div 124, 126; see Election Law, §§ 5-210, 5-204, subd 9; §§ 4-100, 4-102, 4-104, 3-400, 3-404; *Schauf v City of New York,* 23 Misc 2d 585; 46 NY Jur, Premises Liability, § 238; Page, Law of Premises Liability, § 10.20, p 260). We turn to the second issue raised for the first time on this appeal. Since sovereign immunity brings into question jurisdiction of the subject under the Court of Claims Act, it may be raised at any time (*O'Neil v State of New York,* 223 NY 40; *Buckles v State of New York,* 221 NY 418, 424). The issue is whether the State of New York by enactment of section 8 of the Court of Claims Act waived its immunity for this tort arising out of the conduct of elections. Historically, the State was immune when the tort was incidental to a governmental function (Siegel, New York Practice, § 68; 55 NY Jur, State of New York, § 190). Today absolute immunity from suits arising from torts incidental to governmental functions no longer exists. The State may be cast in liability on precisely the same basis as any individual who is obligated to discharge the governmental function and who fails in that duty, provided that the duty has been imposed for the benefit of the person injured by such failure. The test is whether an individual or private corporation assuming that he or it were obligated to discharge the governmental duty involved, would be liable to the injured person for breach of that duty (*Runkel v City of New York,* 282 App Div 173; see, also, *Jones v State of New York,* 33 NY2d 275, 280; *Incorporated Vil. of Flower Hill v State of New York,* 7 AD2d 940; *McCarthy v City of Saratoga Springs,* 269 App Div 469). Since the State had a duty to maintain the premises to prevent injury to voters (46 NY Jur, Premises Liability, § 238), and because such duty is recognized by the law of torts, liability may be imposed by the application of general tort principles and the doctrine of sovereign immunity does not serve as a bar to this action (see *Jones v State of New York, supra,* at p 280). (Appeal from order of Court of Claims—notice of claim.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.