*314 OPINION OF THE COURT
Philip J. Patti, J.
Claimant brought claim No. 115513 to recover for personal injuries that he alleges he sustained in a motorcycle accident due to defendant’s negligence. Defendant now moves for an order granting summary judgment in the instant claim on the basis that the claim is jurisdictionally defective. Claimant opposes the motion, and cross-moves to strike the second and fourth affirmative defenses of defendant’s amended answer. The former avers that the claim is jurisdictionally defective; the latter avers that the claim is barred by the statute of limitations. On September 19, 2011, counsel for both parties appeared before the court for oral arguments on the motion and cross motion. For the reasons set forth below, claimant’s cross motion is denied in part and defendant’s motion is granted.
Initially, I note that defendant’s notice of motion specifies that the instant motion is “for an Order granting the State of New York summary judgment pursuant to CPLR 3212.” The papers supporting the motion, however, do not contest the merits of the claim or assert that there are no triable issues of fact but, rather, assert simply that the court is without jurisdiction to hear the claim due to a defect in the claim. Claimant responds in kind in his responding papers by addressing the alleged defects in the claim and not the underlying merits. As such, the court, sua sponte, now converts the motion to a CPLR 3211 motion to dismiss the claim, and the parties’ respective contentions will be addressed and analyzed within that framework.
Briefly, and by way of background, this claim stems from an incident that occurred on April 16, 2008 at approximately 10:30 p.m. at the intersection of West Ridge Road and Long Pond Road in the Town of Greece. Claimant was driving his Harley Davidson motorcycle through an area of West Ridge Road that was under construction at the time and, while attempting to make a right-hand turn, the motorcycle allegedly slid on loose gravel that was left on the roadway. Claimant alleges that defendant was negligent with regard to the maintenance and marking of the area in question and, as such, created a hazardous and dangerous condition for vehicles on the roadway.
The facts as set forth in this decision and order are far different, however, from what was alleged in the claim that was served on July 10, 2008, and filed on July 14, 2008, less than 90 days after accrual of the claim. Paragraph 3 of the claim sets *315 forth that “[t]he action arises out of a motorcycle accident that occurred on a public street in Rochester, New York,” and that claimant was driving on “Ridge Road in the City of Rochester.” Defendant’s amended answer, filed on August 25, 2008, set forth as the second affirmative defense that the claim failed to comply with Court of Claims Act § 11 as it “fail[ed] to include an adequate description of the location of the incident alleged in the claim, and therefore there is no proper claim over which the Court has jurisdiction.” Clarification of the specific location of the incident took place in claimant’s September 15, 2008 notice to produce, which made inquiry with respect to facts surrounding construction work on West Ridge Road in Greece and the intersection of Long Pond Road and West Ridge Road, as well as claimant’s November 15, 2008 verified bill of particulars, which set forth that “[t]he accident occurred on West Ridge Road at the intersection with Long Pond Road in the Town of Greece.”
Defendant now contends that the claim should be dismissed because claimant failed to set forth the place where the claim arose with sufficient particularity pursuant to Court of Claims Act § 11 (b) and, thus, the court does not have jurisdiction over this matter. Defendant contends that the description provided in paragraph 3 of the claim, which identifies the place where the claim arose as “Ridge Road in the City of Rochester,” is insufficient for two reasons: (1) the portions of both East and West Ridge Road that traverse the City of Rochester comprise more than two miles of roadway; and (2) claimant later specified that the claim arose at the intersection of West Ridge Road and Long Pond Road in the Town of Greece, which is, of course, not the City of Rochester. Claimant responds that the claim provided sufficient details to permit an investigation of the underlying accident and, moreover, that he later provided defendant with the exact location of the underlying accident through both the September 2008 notice to produce and the November 2008 verified bill of particulars. Defendant replies that the subsequently provided information does not cure the jurisdictional defect in the claim and, in any event, that information still failed to specify what road claimant was driving on at the time, which direction he was traveling or onto which road he turned. Claimant did later reveal at his deposition that he was traveling eastbound on West Ridge Road and attempted to make a right-hand turn onto Long Pond Road.
Initially, I will address claimant’s cross motion to strike the second and fourth affirmative defenses in the amended answer *316 as it has some relation to defendant’s motion. The second affirmative defense contends that the claim fails to comply with section 11 of the Court of Claims Act by not including a sufficient description of the place where the claim arose. As noted above, the claim specified that the claim arose on “Ridge Road in the City of Rochester” when, in fact, the claim arose at the intersection of West Ridge Road and Long Pond Road in the Town of Greece. Claimant failed to demonstrate that this affirmative defense is clearly without merit and, thus, the cross motion to strike the second affirmative defense is hereby denied. The fourth affirmative defense contends that the claim is barred by the statute of limitations. The instant claim accrued on April 16, 2008 and the claim was served on July 10, 2008, 85 days later, and filed on July 14, 2008, 89 days later. As the claim was filed and served within 90 days after accrual of the cause of action, it was initiated within the applicable statute of limitations (Court of Claims Act § 10 [3]). Thus, the fourth affirmative defense is clearly without merit and the cross motion to strike that affirmative defense is hereby granted.
Court of Claims Act § 11 (b) requires that a claim state the time when and place where it arose, the nature of the claim, and the items of damage or injuries claimed to have been sustained. These requirements are jurisdictional in nature and must be strictly complied with in order to properly initiate an action against New York State (see Kolnacki v State of New York, 8 NY3d 277, 280-281 [2007]; Lepkowski v State of New York, 1 NY3d 201, 208 [2003]). The claim must be stated with sufficient definiteness “ ‘to enable the State ... to investigate the claim[s] promptly and to ascertain its liability under the circumstances’ ” (Lepkowski, 1 NY3d at 207, quoting Heisler v State of New York, 78 AD2d 767, 767 [1980]).
Here, claimant’s description of the place where the claim arose in his claim was made with something far short of absolute precision as claimant misidentified the municipality where the claim arose and failed to identify the intersection where the underlying incident occurred. In light of that, it is impossible for me to agree with claimant’s assertion that there are sufficient details in the claim to permit an investigation of the underlying incident. Moreover, claimant’s assertion that defendant was later provided with the specific location of the underlying incident in other filed papers is of no moment. As this court has noted previously, “the sufficiency of a claim rests solely upon the assertions contained therein, and defendant is not *317 required to go beyond the claim in order to investigate an occurrence or ascertain information that should have been provided pursuant to Court of Claims Act § 11” (Lepkowski v State of New York, 302 AD2d 765, 766 [2003] [citation omitted], affd 1 NY3d 201 [2003]; see also Lepkowski, 1 NY3d at 208 [“The Court of Claims Act does not require (defendant) to ferret out or assemble information that section 11 (b) obligates the claimant to allege”]; Zamito v State of New York, Ct Cl, Apr. 14, 2011, Patti, J., claim No. 114737, motion No. M-78038; Mancuso v State of New York, Ct Cl, Dec. 16, 2010, Minarik, J., claim No. 112618, motion No. M-78175, UID No. 2010-031-074). Claimant failed to comply with the strictly construed requirements of Court of Claims Act § 11 (b), leaving this court without jurisdiction over the claim. Moreover, claimant was put on notice of this potential issue in the second affirmative defense of defendant’s amended answer. As such, defendant’s motion to dismiss the claim is granted.
In making this decision, I recognize that my holding here is contrary to many decisions on section 11 (b) issues that have come from my reasoned colleagues on the Court of Claims in recent years. These decisions follow a principle that was set forth in the Fourth Department’s decision in Heisler, in which that Court stated that “[t]he statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State” (Heisler, 78 AD2d at 767). From this quite reasonable statement, a rule of sorts has been derived in the Court of Claims that holds that, when seeking to dismiss a claim on the basis of an insufficient pleading, “it is incumbent upon defendant to demonstrate that its ability to investigate was impaired by the alleged insufficiency of the claim” (Singh v State of New York, Ct Cl, Sept. 20, 2006, Schweitzer, J., claim No. 109854, motion No. CM-71727, UID No. 2006-036-553; see Cannon v State of New York, 163 Misc 2d 623, 627 [Ct Cl 1994]; Alomar v State of New York, Ct Cl, Apr. 11, 2011, McCarthy, J., claim No. 119288, motion No. M-79364, UID No. 2011-040-016; Ilacqua v State of New York, Ct Cl, Feb. 23, 2009, DeBow, J., claim No. 115927, motion No. M-75813, UID No. 2009-038-518; Tamez v State of New York, Ct Cl, July 10, 2007, Collins, J., claim No. 113184, motion No. M-72858, UID No. 2007-015-213).
The issue of whether the State was prejudiced by claimant’s facially defective pleading was not raised by either party in the course of this motion. However, I raised this issue sua sponte at oral argument, and inquired of defense counsel whether defend *318 ant was prejudiced or hindered in its investigation of the claim. Defense counsel conceded that the State’s ability to investigate the claim was not impaired by the insufficient pleading. Yet, more than three years after accrual of the claim, and beyond such time that claimant is entitled to file a motion for late claim relief pursuant to Court of Claims Act § 10 (6), defendant moves to dismiss the claim on section 11 (b) grounds. From my review of the record here, as well as my discussions with both counsel in this matter, it appears that there has been fairly extensive discovery in this matter, including depositions of claimant and other witnesses and the production of documentary evidence from both parties. Between defense counsel’s admission and the record before the court, it is clear that no prejudice accrued to defendant, despite claimant’s clearly insufficient statement of the place where the claim arose. I believe that the just and equitable decision here is to follow the path set forth by my colleagues on the Court of Claims and deny defendant’s motion to dismiss the claim.
I am reluctantly constrained, however, by direct and recent authority here in the Fourth Department, which holds that “a lack of prejudice to the State is an immaterial factor” in considering the requirements of section 11 (b) of the Court of Claims Act (Wilson v State of New York, 61 AD3d 1367, 1368 [2009], quoting Byrne v State of New York, 104 AD2d 782, 784 [1984], lv denied 64 NY2d 607 [1985]). The decision in Wilson stands in contradiction to the Fourth Department’s earlier statement on prejudice in Heisler, as well as the rule that has been adopted from Heisler by my colleagues on the Court of Claims. While I believe that requiring the defendant to show that it has been prejudiced by an insufficient statement in a claim is both the sounder practice and the most judicious and equitable manner to decide motions to dismiss on section 11 (b) grounds, I am constrained to abide by the most recent decision set forth by the Fourth Department and grant defendant’s motion.
Accordingly, claimant’s cross motion (CM-80283) is hereby denied with respect to the second affirmative defense and granted with respect to the fourth affirmative defense, and defendant’s motion to dismiss claim No. 115513 (M-80176) is hereby granted.