D. G. v State of New York (2023 NY Slip Op 01183)

D. G. v State of New York

2023 NY Slip Op 01183

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-01480

[*1]D. G., appellant, 
v
State of New York, respondent. (Claim No. 125975)

Ferro, Kuba, Mangano, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Ari J. Savitzky, and Blair Greenwald of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, supervision, and retention, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated October 7, 2019. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the claim for failure to adequately set forth when the claim arose as required by Court of Claims Act § 11(b), and denied that branch of the claimant's cross-motion which was for leave to amend the claim.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the claim, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The claimant commenced this claim against the State of New York to recover damages resulting from alleged acts of sexual assault committed against her, beginning when she was 15 years old, by an employee of Sagamore Children's Psychiatric Center (hereinafter Sagamore). The State moved for summary judgment dismissing the claim for failure to adequately set forth when the claim arose as required by Court of Claims Act § 11(b), and the claimant cross-moved, inter alia, for leave to amend the claim. In an order dated October 7, 2019, the Court of Claims, among other things, granted the State's motion and denied that branch of the claimant's cross-motion. The claimant appeals.
Court of Claims Act § 11(b) requires a claim to specify "(1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed'" (Lepkowski v State of New York, 1 NY3d 201, 207, quoting Court of Claims Act § 11[b]). "'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724; see Kolnacki v State of New York, 8 NY3d 277, 281; Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032). "[A]bsolute exactness is not required" (Morra v State of New York, 107 AD3d 1115, 1115 [internal quotation marks omitted]; see Wharton v City Univ. of N.Y., 287 AD2d [*2]559, 559). However, "the claim must 'provide a sufficiently detailed description of the particulars of the claim to enable [the State] to investigate and promptly ascertain the existence and extent of its liability'" (Morra v State of New York, 107 AD3d at 1115-1116, quoting Robin BB. v State of New York, 56 AD3d 932, 932 [internal quotation marks omitted]; see Matter of New York City Asbestos Litig., 24 NY3d 275, 282).
Here, contrary to the determination of the Court of Claims, the claim was sufficiently specific to satisfy the pleading requirements of Court of Claims Act § 11(b). The claim alleged negligent hiring, training, and supervision of an employee who had subjected the claimant to multiple sexual assaults at Sagamore between June 5, 2013, and September 16, 2013—a period of approximately three months—while the claimant was a patient at Sagamore. This was sufficiently specific to enable the State to investigate the claim promptly and ascertain its liability (cf. Lepkowski v State of New York, 1 NY3d 201; Sacher v State of New York, 211 AD3d 867; Robin BB. v State of New York, 56 AD3d at 932). Accordingly, the Court of Claims should have denied the State's motion for summary judgment dismissing the claim.
The claimant's remaining contention is without merit.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court