Fletcher v State of New York (2023 NY Slip Op 03850)

Fletcher v State of New York

2023 NY Slip Op 03850

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-07227

[*1]Bettina Fletcher, appellant,
v
State of New York, respondent. (Claim No. 136821)

Slater Slater Schulman, LLP, Melville, NY (Stephenie L. Bross and Samantha A. Breakstone of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Andrea W. Trento of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, retention, and supervision, the claimant appeals from an order of the Court of Claims (Faviola A. Soto, J.), dated May 11, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim is denied.
In August 2021, the claimant commenced this claim pursuant to the Child Victims Act (hereinafter the CVA) against the State of New York to recover damages, inter alia, for negligent hiring, retention, and supervision. The claim alleges that the claimant was sexually abused beginning when she was 4 years old until she was 12 years old in the foster home where she resided with her foster parents, their four grandchildren, and two other foster children. The defendant moved to dismiss the claim on the ground that the Court of Claims lacked subject matter jurisdiction because the claim failed to adequately state the time when the claim arose, and failed to adequately state the nature of the claim, as required by Court of Claims Act § 11(b). The court granted the motion to dismiss on the ground that the claim failed to adequately state the time when the claim arose. The claimant appeals.
Court of Claims Act § 11(b) "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed'" (Lepkowski v State of New York, 1 NY3d 201, 207; see Kolnacki v State of New York, 8 NY3d 277, 280). Because suits against the State are allowed only by the State's waiver of sovereign immunity, and are in derogation of the common law, strict compliance with these jurisdictional requirements of section 11(b) is necessary (see Kolnacki v State of New York, 8 NY3d at 280-281).
The "guiding principle informing" section 11(b)'s pleading requirements is that the information be sufficiently definite "'to enable the State . . . to investigate the claim promptly and to ascertain its liability under the circumstances'" (Lepkowski v State of New York, 1 NY3d at 207, quoting Heisler v State of New York, 78 AD2d 767, 767). "[A]bsolute exactness is not required" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks [*2]omitted]; see Morra v State of New York, 107 AD3d 1115, 1115; Heisler v State of New York, 78 AD2d at 767), but the "Court of Claims Act does not require the State to ferret out or assemble information that section 11(b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d at 208). The determination whether a claimant's statement of the time when the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination which depends upon the nature of the claim and specificity of the allegations set forth in the claim (see Meyer v State of New York, 213 AD3d 753, 755; Fenton v State of New York, 213 AD3d 737, 739).
Here, the claim is brought under the CVA, which revived the time to commence civil actions based upon certain "'conduct which would constitute a sexual offense'" committed against children less than 18 years of age (S.H. v Diocese of Brooklyn, 205 AD3d 180, 185, quoting CPLR 214-g; see Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 98-99), and created a window period running to two years and six months from the effective date of the CVA for the commencement of civil actions for which the statute of limitations has already expired (see CPLR 214-g). As part of the CVA, Court of Claims Act § 10(10) was added to reflect that the time limitations set forth in section 10 would not apply to "any claim to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense . . . committed against a child less than eighteen years of age."
The legislative purpose of the CVA is to "remedy the injustices to survivors of child sexual abuse by extending New York's restrictive statutes of limitations that required most survivors to file civil actions or criminal charges long before they reported or came to terms with their abuse" (S.H. v Diocese of Brooklyn, 205 AD3d at 186; see Senate Introducer's Mem in Support, Bill Jacket, L 2019, ch 11 at 7; Assembly Mem in Support of 2015 NY Assembly Bill A10600). The legislature recognized that "'certain abusers—sometimes aided by institutional enablers and facilitators—have been successful in covering up their heinous acts against children'" (S.H. v Diocese of Brooklyn, 205 AD3d at 186, quoting Assembly Mem in Support of 2015 NY Assembly Bill A10600).
Here, given that the alleged sexual abuse occurred more than 40 years ago, when the claimant was a child, "it is not reasonable to expect [the] claimant to be able to provide exact dates when each instance of abuse occurred, nor is it required" (Matter of M.C. v State of New York, 74 Misc 3d 682, 692 [NY Ct Cl]; see Meyer v State of New York, 213 AD3d at 757; Fenton v State of New York, 213 AD3d at 740). Given that the CVA allows claimants to bring civil actions decades after the alleged sexual abuse occurred, it is not clear how providing exact dates, as opposed to the time periods set forth in the instant claim, would better enable the State to conduct a prompt investigation of the subject claim (see Lepkowski v State of New York, 1 NY3d at 207; Heisler v State of New York, 78 AD2d at 767). Indeed, this Court has recognized that "in matters of sexual abuse involving minors, as recounted by survivors years after the fact, dates and times are sometimes approximate and incapable of calendrical exactitude" (Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d at 104; see J.F. v State of New York, 76 Misc 3d 1082, 1086 [NY Ct Cl]).
Under the particular circumstances of this case, the date ranges provided in the claim indicating that the sexual abuse began when the claimant was 4 years old and "occurred between two to three times a week to three to four times a year" until she was 12 years old while she resided in a foster home, along with other information contained in the claim, including the identities of the claimant's foster parents, the address of the foster home, and names of the claimant's alleged abusers, were sufficient to satisfy the "time when" requirement of the Court of Claims Act § 11(b) (see Meyer v State of New York, 213 AD3d at 757; Fenton v State of New York, 213 AD3d at 740).
Accordingly, the Court of Claims should not have granted the defendant's motion to dismiss the claim on the ground that the claim failed to comply with Court of Claims Act § 11(b) because it failed to adequately state the time when the claim arose.
The defendant further contends as an alternative ground for affirmance not addressed by the Court of Claims that the claim should be dismissed because it fails to adequately state the nature of the claim as required by Court of Claims Act § 11(b). "[T]he claim must provide a sufficiently detailed description of the particulars of the claim to enable [the State] to investigate and promptly ascertain the existence and extent of its liability" (D.G. v State of New York, 214 AD3d 713, 715 [internal quotation marks omitted]). "However, absolute exactness is not required, so long [*3]as the particulars of the claim are detailed in a manner sufficient to permit investigation" (Wagner v State of New York, 214 AD3d 930, 931 [internal quotation marks omitted]).
In this case, the claim sufficiently provided the defendant with a description of the manner in which the claimant was injured, and how the defendant was negligent in allegedly failing to protect the claimant from sexual abuse while she resided in a foster home. The claimant is not required to set forth the evidentiary facts underlying the allegations of negligence in order to satisfy the section 11(b) nature of the claim requirement (see Martinez v State of New York, 215 AD3d 815). As the claim is sufficiently detailed to allow the defendant to investigate and ascertain its liability, it satisfies the nature of the claim requirement of Court of Claims Act § 11(b) (see Martinez v State of New York, 215 AD3d 815; D.G. v State of New York, 214 AD3d 713).
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court