Sacher v State of New York (2022 NY Slip Op 07087)

Sacher v State of New York

2022 NY Slip Op 07087

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-07352

[*1]Kelly-Ann Sacher, appellant, 
v
State of New York, respondent. (Claim No. 132143)

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for dental malpractice, the claimant appeals from an order of the Court of Claims (Maureen T. Liccione, J.), dated July 30, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction.
ORDERED that the order is affirmed, with costs.
The claimant served the defendant with a notice of intention to file a claim dated January 9, 2017, which alleged that the claimant was injured when her mouth and lips were burned during the course of her treatment as a patient at a particular address where the defendant operated a school of dental medicine. The notice of intention to file a claim stated that "[t]he claim arose on or about October 15, 2016, the last date of continuous treatment and prior to said date."
In the subsequent claim, dated October 16, 2018, the claimant stated that she was injured on October 20, 2016, when hot wax was negligently spilled on her face and mouth while an employee of the defendant was attempting to make a wax mold for dentures. No other specific acts of negligence were alleged. The claim alleged that the claim arose "during a continuous course of treatment from on or about September 22, 2016 through to on or about December 27, 2016 with the [hot wax] burn occurring on or about October 20, 2016," and further alleged that the claim arose "[o]n or about September 22, 2016 when [the claimant] first sought treatment . . . through a continuous course of treatment to December 27, 2016 including October 20, 2016 the day the burn occurred."
The defendant moved pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction. In the order appealed from, the Court of Claims determined that the claimant's notice of intention to file a claim failed to adequately set forth the time when the claim arose, and that this failure constituted a jurisdictional defect. Accordingly, the court granted the defendant's motion. The claimant appeals. We affirm.
Section 8 of the Court of Claims Act provides that "[t]he state hereby waives its [*2]immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court . . . provided the claimant complies with the limitations of this article" (referencing id. art II, §§ 8-12; see Kolnacki v State of New York, 8 NY3d 277, 280; Lepkowski v State of New York, 1 NY3d 201, 206).
Accordingly, "[t]he State's waiver of immunity from suits for money damages is not absolute, but rather is contingent upon a claimant's compliance with specific conditions placed on the waiver by the Legislature" (Lepkowski v State of New York, 1 NY3d at 206). In this regard, "[t]he Act contains several conditions that must be met in order to assert a claim against the State" (Kolnacki v State of New York, 8 NY3d at 280). The conditions are set forth in Court of Claims Act, art II, §§ 8-12 (see id. § 8). "The failure to satisfy any of the conditions is a jurisdictional defect" (Kolnacki v State of New York, 8 NY3d at 281; see Criscuola v State of New York, 188 AD3d 645, 645; Hargrove v State of New York, 138 AD3d 777, 777).
Section 10(3) of the Court of Claims Act sets forth time limitations for asserting "[a] claim to recover damages . . . for personal injuries caused by . . . negligence." Such a claim "shall be filed and served upon the attorney general within [90] days after the accrual of such claim" (id.). However, if the claimant serves "a written notice of intention to file a claim" within 90 days after the accrual of the claim, "the claim shall be filed and served upon the attorney general within two years after the accrual of such claim" (id.; see Criscuola v State of New York, 188 AD3d at 645; Kiesow v State of New York, 161 AD3d 1060, 1061; Hargrove v State of New York, 138 AD3d at 777). "The failure to comply with the filing deadlines of Court of Claims Act § 10 is a jurisdictional defect which compels the dismissal of the claim" (Bennett v State of New York, 106 AD3d 1040, 1041; see Kiesow v State of New York, 161 AD3d at 1062; Local 851 of Intl. Bhd. of Teamsters v State of New York, 36 AD3d 672, 673; Welch v State of New York, 286 AD2d 496, 497-498).
Section 11(b) of the Court of Claims Act sets forth the substantive contents that must be included in a valid claim. "The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed" (Kolnacki v State of New York, 8 NY3d at 280 [emphasis omitted]). It has been observed that "Court of Claims Act § 11(b) requires that the . . . claim state, inter alia, when the claim 'arose,' as opposed to when it accrued" (Gang v State of New York, 177 AD3d 1300, 1303; compare Court of Claims Act § 10[3] [referencing "the accrual of such claim"] with Court of Claims Act § 11[b] [referencing "the time when . . . such claim arose"]).
As relevant here, Court of Claims Act § 11(b) also sets forth the substantive contents that must be included in a valid notice of intention to file a claim: "The notice of intention to file a claim shall set forth the same matters [as a claim] except that the items of damage or injuries and the sum claimed need not be stated." Accordingly, as with a claim, "[a] notice of intention to file a claim pursuant to Court of Claims Act § 11(b) must set forth [1] the time and [2] place the claim arose, and [3] the nature of the claim" (Rodriguez v State of New York, 8 AD3d 647, 647; see Criscuola v State of New York, 188 AD3d at 645-646; Hargrove v State of New York, 138 AD3d at 777). The statute further provides that both "[t]he claim and [the] notice of intention to file a claim shall be verified in the same manner as a complaint in an action in the supreme court" (Court of Claims Act § 11[b]).
The Court of Appeals has made it "clear that all of the requirements in section 11(b) are 'substantive conditions upon the State's waiver of sovereign immunity'" (Kolnacki v State of New York, 8 NY3d at 280, quoting Lepkowski v State of New York, 1 NY3d at 207). The failure to satisfy any of the conditions of Court of Claims Act § 11(b) "is a jurisdictional defect" (Kolnacki v State of New York, 8 NY3d 281; see Criscuola v State of New York, 188 AD3d at 645; Hargrove v State of New York, 138 AD3d at 777). Such a defect in a claim, or in a notice of intention to file a claim, "may not be cured by amendment" (Matter of DeMairo v State of New York, 172 AD3d 856, 857; see Nasir v State of New York, 41 AD3d 677, 677).
On this appeal, the claimant contends that the Court of Claims erred when it [*3]determined that her notice of intention to file a claim failed to adequately state "the time when . . . [the] claim arose" (Court of Claims Act § 11[b]). This contention is without merit.
As relevant here, "[t]o adequately plead when the claim arose . . . the claimant must allege the 'date . . . of the mishap'" (Matter of Geneva Foundry Litig., 173 AD3d 1812, 1813, quoting Heisler v State of New York, 78 AD2d 767, 768). "If the claimant fails to specify the dates relevant to the elements of the claim or provides only a broad range of dates, the claim is jurisdictionally defective and properly dismissed" (Matter of Geneva Foundry Litig., 173 AD3d at 1813-1814; see Lepkowski v State of New York, 1 NY3d at 207).
Here, the claimant's notice of intention to file a claim alleged that "[t]he claim arose on or about October 15, 2016, the last date of continuous treatment and prior to said date." Her claim subsequently alleged that the claim arose "[o]n or about September 22, 2016 when [the claimant] first sought treatment . . . through a continuous course of treatment to December 27, 2016 including October 20, 2016 the day the burn occurred."
The ranges of dates alleged by the claimant were identified as periods during which she allegedly received continuous treatment. However, the continuous course of treatment doctrine does not serve to affect an accrual date for a cause of action or a claim, and there is no basis to conclude that it would have any similar affect on the time when the claim "arose" for the purposes of this appeal (Court of Claims Act § 11[b]).
Indeed, the Court of Appeals has clarified that the continuous treatment doctrine does not "delay[ ] the action's accrual" (McDermott v Torre, 56 NY2d 399, 407). "Rather than define the action's accrual in terms of the [continuous treatment] doctrine, [accrual] is defined in terms of when the original negligent act occurred" (id. at 407). Although there may be multiple acts of negligence committed during the course of a patient's treatment, each act of negligence "give[s] rise to a different cause of action" (id.; cf. Goldschmidt v Cortland Regional Med. Ctr., Inc., 190 AD3d 1212, 1216). Continuous treatment serves simply "to toll the running of the statute [of limitations]" (McDermott v Torre, 56 NY2d at 407); it "has nothing to do with the initial act of negligence" (id.).
As relevant here, "[t]hat toll likewise applies to the time periods contained in Court of Claims Act § 10(3)" (Gang v State of New York, 177 AD3d 1300, 1302; see Garofolo v State of New York, 80 AD3d 858, 859; Matter of Robinson v State of New York, 35 AD3d 948, 949). However, the defendant only challenged the substantive contents of the claimant's notice of intention to file a claim (see Court of Claims Act § 11[b]). The defendant did not allege noncompliance with the requirement that the notice of intention to file a claim be interposed "within [90] days after the accrual of [the] claim" (id. § 10[3]; cf. Alston v State of New York, 97 NY2d 159, 164; Kiesow v State of New York, 161 AD3d at 1061). Since there is no allegation that the notice of intention to file a claim was untimely (cf. Alston v State of New York, 97 NY2d at 164; Kiesow v State of New York, 161 AD3d at 1061), it was unnecessary to toll the limitations period, and the application of the continuous treatment doctrine was not relevant to the determination of the defendant's motion (cf. Bennett v State, 106 AD3d at 1040).
"A cause of action for malpractice generally accrues at the time of the commission of the alleged act of malpractice" (Davis v City of New York, 38 NY2d 257, 259; see Gang v State of New York, 177 AD3d at 1302). Here, the sole act of negligence that was alleged in the claim was the spilling of hot wax on October 20, 2016, which allegedly caused the claimant to sustain injuries on that same date. The claim did not set forth any additional allegations of negligence or tortious conduct. Based on the claimant's allegations, the claim here was based upon a single incidence of negligence that occurred on a discrete date; it was not based upon a series of ongoing acts or omissions occurring on multiple dates over the course of a period of time (cf. Gang v State of New York, 177 AD3d 1300 [failure to treat infection on multiple dates following hip surgery]; Rodriguez v State of New York, 8 AD3d at 648 [failure to treat congestive heart condition over period of time while claimant was imprisoned]; Epps v State of New York, 199 AD2d at 914 [claim involved a series of "ongoing . . . omissions"]; Matter of M.C. v State of New York, 74 Misc 3d 682, 688 [Ct Cl; claimant alleged that teacher sexually abused her "'[d]ozens of times'"]). Even if the range of [*4]dates alleged in the notice of intention to file a claim was relevant, the claim here arose on a date outside the range of dates alleged in the notice of intention to file a claim (cf. Gang v State of New York, 177 AD3d at 1304; Matter of M.C. v State of New York, 74 Misc 3d at 688-691). Without more, this claim "arose" on October 20, 2016 (Court of Claims Act § 11[b]), and the notice of intention to file a claim failed to correctly identify that date (see id.; Lepkowski v State of New York, 1 NY3d at 207-208; Matter of DeMairo v State of New York, 172 AD3d at 857; Hargrove v State of New York, 138 AD3d at 778).
The claimant argues that, although she failed to set forth the date that she was burned in her notice of intention to file a claim, the information she provided should have been enough "'to enable the [defendant] . . . to investigate the claim[s] promptly and to ascertain its liability under the circumstances,' which is the guiding principle informing section 11(b)" (Lepkowski v State of New York, 1 NY3d at 207, quoting Heisler v State of New York, 78 AD2d at 767; see Gang v State of New York, 177 AD3d at 1303). The claimant argues that "substantial compliance" with the statutory requirements governing any of the substantive contents of a notice of intention to file a claim is all that is necessary to enable a court to exercise jurisdiction over the State (Heisler v State of New York, 78 AD2d at 767; see Harvey Chalmers & Son, Inc. v State of New York, 271 App Div 699, 701, affd 297 NY 690). This contention is without merit.
Much of the language relied upon by the claimant may be traced to Heisler v State of New York, (78 AD2d at 767 [disavowed on other grounds in Pujolas v Town of Tonawanda, 91 AD2d 313, 315]), where the Fourth Department described, in the following terms, the level of compliance that is necessary to satisfy the statutory requirements governing a notice of intention to file a claim: "What is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances. The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 [of the Court of Claims Act] is what is required" (Heisler v State, 78 AD2d at 767).
Heisler and its progeny are premised upon the idea that "[a] notice of intention to file [a] claim is not a pleading, and should not be scrutinized with the severity applicable to a pleading" (Murray v State of New York, 202 App Div 597, 599). However, as already indicated, Court of Claims Act § 11(b) explicitly requires that both "[t]he claim and [the] notice of intention to file a claim shall be verified in the same manner as a complaint in an action in the supreme court."
This line of cases is similarly rooted in the notion that "[a] notice of intention to file a claim does not serve the same purpose as the claim itself, and for that reason need not meet the more stringent requirements imposed upon the latter" (Epps v State of New York, 199 AD2d at 914). However, "[t]he only statutory distinction between the notice of intention to file a claim and the claim itself is that in the notice of intention it is unnecessary to allege the items of damage and the amount claimed, whereas the claim must contain that information" (Harvey Chalmers & Son, Inc. v State, 271 App Div at 701). In both a notice of intention to file a claim and a claim, "the claimant must allege the 'date, time and place of the mishap'" (Matter of Geneva Foundry Litig., 173 AD3d at 1813, quoting Heisler v State of New York, 78 AD2d at 768). In this regard, the statutory burden is "the same" (Court of Claims Act § 11[b] [emphasis added]), and there is no statutory basis for imparting a lesser burden when reviewing the substantive requirements of a notice of intention to file a claim (see id.).
Finally, this line of cases ultimately springs from the imposition of a liberal statutory construction: "Statutory provisions conditioning the right to maintain an action against the State should be liberally construed in favor of a claimant who is attempting to establish compliance with their terms" (Harvey Chalmers & Son, Inc. v State, 271 App Div at 702 [emphasis added; cited in Heisler v State of New York, 78 AD2d at 767]). However, as previously observed, the Court of Appeals has instructed that "'because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [emphasis added]). Indeed, the Court [*5]of Appeals has "consistently held that nothing less than strict compliance with the jurisdictional requirements of the Court of Claims Act is necessary" (Kolnacki v State of New York, 8 NY3d at 281).
Although this Court has, in the past, made statements regarding "substantial compliance" with Court of Claims Act § 11 (see Rodriguez v State of New York, 8 AD3d at 647; Wharton v City Univ. of N.Y., 287 AD2d 559, 560; Grumet v State of New York, 256 AD2d 441, 442; Cobin v State of New York, 234 AD2d 498, 499), the Court of Appeals has never adopted such language in this context, or otherwise stated that "substantial compliance" with the Court of Claims Act is sufficient to permit a court to exercise jurisdiction over an alleged claim against the State (see Kolnacki v State of New York, 8 NY3d at 279-280; Lepkowski v State of New York, 1 NY3d at 207; cf. Matter of Ruiz v Sachs, 43 NY2d 894, 895). Under such circumstances, the "substantial compliance" standard, at a minimum, should not be indiscriminately applied.
Notably in this regard, although this Court has referred to "'substantial compliance'" with the Court of Claims Act (Grumet v State of New York, 256 AD2d at 442, quoting Heisler v State of New York, 78 AD2d at 767), it has only actually applied that more lenient standard to the requirement that a claimant "describ[e] the general nature of the claim" (Rodriguez v State of New York, 8 AD3d at 647; see Wharton v City Univ. of N.Y., 287 AD2d at 560; Grumet v State of New York, 256 AD2d at 442; Cobin v State of New York, 234 AD2d at 499). Accordingly, notwithstanding this Court's past use of such broad language, it is appropriate to exercise caution when applying this case law, as "[n]o opinion is an authority beyond the point actually decided" (Matter of Staber v Fidler, 65 NY2d 529, 535 [internal quotation marks omitted]; see Dougherty v Equitable Life Assur. Socy., 266 NY 71, 88).
Indeed, in cases where this Court has considered whether a notice of intention to file a claim adequately described "the time when" the claim arose or the "place where" it arose (Court of Claims Act § 11[b]), it has declined to explicitly apply a "substantial compliance" standard (see Criscuola v State of New York, 188 AD3d at 646 [notice of intention to file a claim failed to adequately describe place where claim arose]; Matter of DeMairo v State of New York, 172 AD3d at 857 [notice of intention to file a claim and claim failed to adequately state time when claim arose]; Hargrove v State of New York, 138 AD3d at 778 [notice of intention to file a claim failed to adequately state time when, and place where, claim arose]; Cobin v State of New York, 234 AD2d at 499 [notice of intention to file a claim failed to adequately describe place where claim arose]).
To the contrary, this Court's case law reflects that this Court has continued to apply a strict compliance standard with respect to the statutory requirement that a claim or a notice of intention to file a claim state the "time when . . . [the] claim arose" (Court of Claims Act § 11[b]; see Matter of DeMairo v State of New York, 172 AD3d at 857; Hargrove v State of New York, 138 AD3d at 778; cf. Rodriguez v State of New York, 8 AD3d at 648). The Court of Appeals, too, has continued to apply a strict compliance standard with respect to the statutory requirement that a claim or a notice of intention to file a claim state the time when the claim arose (see e.g. Lepkowski v State of New York, 1 NY3d 201). That strict compliance standard is not met where, as here, the claimant failed to identify the date when the negligence and injury allegedly occurred.
The claimant asserts that, given the information provided in the notice of intention to file a claim, the defendant should have been able to use its own records to discover for itself the correct date that the claim arose. However, contrary to the claimant's contention, "'[t]he [defendant] is not required to go beyond a claim or notice of intention [to file a claim] in order to . . . ascertain information which should be provided pursuant to Court of Claims Act § 11'" (Matter of DeMairo v State of New York, 172 AD3d at 857, quoting Hargrove v State of New York, 138 AD3d at 778; see Criscuola v State of New York, 188 AD3d at 646; Cobin v State of New York, 234 AD2d at 499). The Court of Appeals has made it clear that regardless of whether a defendant could "easily ascertain from its . . . records exactly when . . . [the] claim arose," "[that] is not the [defendant's] burden" (Lepkowski v State of New York, 1 NY3d at 208).
In Lepkowski v State of New York (1 NY3d 201), the claimants were state employees [*6]who alleged that they were entitled to certain "unpaid overtime" (id. at 203). "As for 'the time when' the claims accrued, [certain] claimants specified July 1992 and continuing to the present, and [certain other] claimants specified April 1994 and continuing to the present" (id. at 207). The Court of Appeals determined that the claimants failed to adequately allege, among other things, the time when the claims arose (see id.). The Court of Appeals explicitly rejected the claimants' assertion "that the State can easily ascertain from its personnel records exactly when and where each claim arose and how much their claims are worth" (id. at 208). The Court held that "this [was] not the State's burden," as "[t]he Court of Claims Act does not require the State to ferret out or assemble information that section 11(b) obligates the claimant to allege" (id.). The Court of Appeals ultimately concluded that "the[ ] claims [were] jurisdictionally defective for nonconformity with section 11(b)'s substantive pleading requirements" (id. at 209).
The Court of Appeals' determination in Lepkowski v State of New York (1 NY3d 201), illustrates a strict construction of the requirement that a claimant identify "the time when . . . [the] claim arose" (Court of Claims Act § 11[b]). The particular language used by the Court in that case is a strong indication that the relative ease with which the State could theoretically discover the required information has no bearing on a claimant's statutory burden (see Lepkowski v State of New York, 1 NY3d at 208; cf. General Municipal Law § 50-e[5]).
In sum, section 11(b) of the Court of Claims Act requires a claimant to set forth the "time when . . . [the] claim arose" in a notice of intention to file a claim. Under the circumstances present here, the claimant failed to satisfy that requirement because she failed to correctly identify the date that the act of negligence and injury allegedly occurred. Insofar as she failed to "specify the dates relevant to the elements of the claim . . . the claim is jurisdictionally defective and properly dismissed" (Matter of Geneva Foundry Litig., 173 AD3d at 1813-1814; see Lepkowski v State of New York, 1 NY3d at 207). As this Court has repeatedly observed: "Lack of prejudice to the [defendant] is immaterial and a court is without power to dispense with applicable jurisdictional requirements of law based upon its own concepts of justice" (Matter of DeMairo v State of New York, 172 AD3d 856, 857 [emphasis added]; see Criscuola v State of New York, 188 AD3d at 646; cf. Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465-466).
Since the claimant's notice of intention to file a claim was substantively deficient (see Court of Claims Act § 11[b]), it did not extend the claimant's time to file and serve a claim beyond the 90-day statutory period (see id. § 10[3]; Criscuola v State of New York, 188 AD3d at 646). Under the circumstances, the claim was untimely (see Court of Claims Act § 10[3]; Criscuola v State of New York, 188 AD3d at 646). "The claimant's failure to comply with the filing requirements of the Court of Claims Act deprived the Court of Claims of subject matter jurisdiction" (Hargrove v State of New York, 138 AD3d at 778; see Criscuola v State of New York, 188 AD3d at 646). Accordingly, the Court of Claims properly granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction.
In light of the foregoing, we need not reach the parties' remaining contentions, which relate to an alternative ground for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 547-548).
CHAMBERS, MILLER and ZAYAS, JJ., concur.
BARROS, J.P., dissents, and votes to reverse the order, on the law, and deny the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction, with the following memorandum:
Contrary to the majority's determination, the claimant's notice of intention to file a claim (hereinafter NOI) sufficiently set forth "the time when" the claim arose within the meaning of Court of Claims Act § 11(b) (see Lepkowski v State of New York, 1 NY3d 201, 207). Therefore, the Court of Claims should have denied the motion of the defendant, State of New York, pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction.
The claimant's verified NOI, dated January 9, 2017, alleged that she sustained, inter alia, third-degree burns to her lips and mouth during the course of her treatment as a patient at Stony Brook School of Dental Medicine located on Nicholls Road in Stony Brook. It further alleged that "[t]he claim arose on or about October 15, 2016, the last date of continuous treatment and prior to said date" (emphasis added).
On October 16, 2018, the claimant filed a claim for damages (hereinafter the claim). Under the section entitled "TIME CLAIM AROSE," the claim provided that "On or about September 22, 2016 when [the claimant] first sought treatment at STONY BROOK UNIVERSITY HOSPITAL/STATE UNIVERSITY OF NEW YORK STONY BROOK SCHOOL OF DENTAL MEDICINE through a continuous course of treatment to December 27, 2016 including October 20, 2016 the day the burn occurred." Under the section entitled "MANNER IN WHICH CLAIM AROSE," the claim provided, inter alia, that during the course of making a wax impression for dentures for the claimant, the defendant's employees negligently allowed hot wax to fall on her. The claimant alleged that she sustained second-degree and third-degree burns to the lips, chin, and face, with resulting blisters, scarring, ulcerations, and severe conscious pain and suffering.
"'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724; see Lepkowski v State of New York, 1 NY3d 201, 206-207). The Court of Claims Act requires the NOI and the claim to set forth, among other things, "the time when" the claim arose (Court of Claims Act § 11[b]; see Criscuola v State of New York, 188 AD3d 645, 645).
The statute does not define "time when," and, thus, does not expressly require the claimant to specify a date, hour, or minute when the claim arose (see Matter of M.C. v State of New York, 74 Misc 3d 682, 692 [Ct Cl]). If it had been the Legislature's intent to require claimants to set forth the date the claim arose that intent "would have been expressed" (Burnside v Whitney, 21 NY 148, 149). Requiring a claimant to provide the exact date the claim arose imposes a more stringent condition than that required by the statute.
In Lepkowski v State of New York (1 NY3d 201, 207), the Court of Appeals held that, in determining whether a claim properly sets forth the "time when" it arose, the "guiding principle" is that the statement be sufficiently definite "'to enable the State . . . to investigate the claim[s] promptly and to ascertain its liability under the circumstances'" (id. [emphasis added], quoting Heisler v State of New York, 78 AD2d 767, 767). "[A]bsolute exactness is not required" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks omitted]; Morra v State of New York, 107 AD3d 1115, 1115 [internal quotation marks omitted]; see Heisler v State of New York, 78 AD2d at 767), but the State should not have to "ferret out or assemble information that section 11(b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d at 208).
The proposition asserted by the majority that a NOI or claim must provide the exact date the claim arose is not supported by the statutory text, or by the Court of Appeals in Lepkowski. Whether a claimant's statement of the "time when" the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability is a sui generis determination depending upon the facts and circumstances, and the nature of the claim itself.
For example, in Lepkowski v State of New York (1 NY3d 201), the Court of Appeals applied its "guiding principle" in determining whether claims filed by hundreds of claimants seeking compensation for unpaid overtime hours complied with section 11(b). The claims in that consolidated action failed to set forth, among other things, the dates and hours that the numerous claimants worked, where they worked, how much they should have been paid, how much they were paid, and how much they were owed. Given the numerous claimants, and the nature of the allegations asserted, the Court of Appeals determined that the claims therein were "insufficiently definite 'to enable the State . . . to investigate the claim promptly and to ascertain its liability under [*7]the circumstances'" (id. at 207 [emphasis added], quoting Heisler v State of New York, 78 AD2d at 767). The Court noted that "[a]ll that the State may guess . . . is that some or all of the [hundreds of claimants] worked some number of hours in excess of 40 in some or all of the work weeks over many months and years" (Lepkowski v State of New York, 1 NY3d at 207).
Similarly, in Matter of Geneva Foundry Litig. (173 AD3d 1812, 1814), a Fourth Department case heavily relied upon by the majority, numerous claimants asserted personal injuries as a result of exposure to toxins. The claimants failed to provide any "dates or ranges of dates regarding their alleged injuries, such as when they were exposed to the toxins, when they developed symptoms, when they sought treatment, or when they were diagnosed with an illness" (id. [emphasis added]). The Fourth Department determined that the claim was insufficiently definite to enable an investigation since the State could not "realistically differentiate between those injuries attributable to toxic exposure and those injuries attributable to other causes" (id. [emphasis added]). In that case, providing dates, or even ranges of dates, was essential to the State's ability to investigate the claims asserted by numerous individuals asserting various injuries with different possible etiologies.
In stark contrast to Lepkowski and Matter of Geneva Foundry Litig., here, a single claimant seeks recovery for personal injuries that allegedly occurred as the result of a discreet and extraordinary incident occurring while she was being treated by dental and medical providers employed by the State. The claim alleges that during the course of dental treatment, the State's employees negligently allowed hot wax to spill on the claimant's mouth and lips causing third-degree burns. The NOI alleges that the incident occurred on or "about" October 15, 2016, which was within five days of the incident.
By providing the State with the approximate date within five days of its occurrence, the patient's name, the place of the occurrence, and a description of the nature of the claim and injuries, the claimant provided sufficiently definite information to enable the State to retrieve patient records and interview witnesses to investigate the claim promptly and to ascertain its liability (see Gang v State of New York, 177 AD3d 1300, 1304 ["despite the slight variation in dates, the contents of the notice of intent and claim with respect to when the claim arose or accrued did not mislead, deceive or prejudice the rights of defendant and thus did not violate section 11(b)" (internal quotation marks omitted)]; Matter of M.C. v State of New York, 74 Misc 3d at 692; see also Matter of O'Shea v State of New York, 36 AD3d 706, 707 [holding that purpose underlying section 11(b) was "clearly served" where defendant had a sufficiently detailed description of the particulars of the claim to enable it to investigate and ascertain liability notwithstanding that the claim contained "obvious oversight(s)"]).
Contrary to the majority's determination, this is not a case requiring the State to "ferret out," i.e., conduct a careful and thorough search, to uncover information to ascertain its liability (see Lepkowski v State of New York, 1 NY3d at 208; see also Davila v State of New York, 140 AD3d 1415, 1417 [where agency of the defendant is "the primary . . . source of information upon which a claim is based, it cannot be readily found . . . that defendant has been improperly required to assemble information regarding a claim" (citations and internal quotation marks omitted)]). Indeed, given the claimant's promptness in filing the NOI and the extraordinary nature of the allegations involving hot wax spilled on a patient, this event, if it occurred, would have been fresh in the minds of those who participated in the claimant's dental treatment and would have been documented in the medical or dental records maintained by the State.
Finally, the majority's holding that a claimant must supply the exact date the claim arose to meet the "time when" requirement of Court of Claims Act § 11(b) has far-reaching consequences, by barring claimants—especially those asserting medical or dental malpractice—who have timely filed claims but were unable to acquire medical records in time to pinpoint the exact date the claim arose. Here, the claimant continued receiving care and treatment at the State's dental and medical facilities for two months after the claim arose. The NOI was expeditiously filed on January 10, 2017, which was two weeks after the claimant discontinued treatment on December 27, 2016. Although the NOI contained an approximate date for when the claim arose, it was overall sufficiently definite to enable the State to conduct an investigation and ascertain its potential liability (see [*8]Lepkowski v State of New York, 1 NY3d at 207).
Accordingly, for the above reasons and because the State's alternate ground for affirmance is without merit, I vote to reverse the order, and deny the State's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction.
ENTER:
Maria T. Fasulo
Clerk of the Court