Musumeci v State of New York (2023 NY Slip Op 05265)

Musumeci v State of New York

2023 NY Slip Op 05265

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-05735

[*1]Bernard Musumeci, appellant,
v
State of New York, respondent. (Claim No. 136689)

Thomas Counselor at Law, LLC, New York, NY (Kathleen R. Thomas of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for negligence, the claimant appeals from an order of the Court of Claims (Faviola A. Soto, J.), dated April 13, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b), and, sua sponte, dismissed the amended claim.
ORDERED that, on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed the amended claim is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
In July 2021, the claimant commenced this claim, inter alia, to recover damages for negligence pursuant to the Child Victims Act, alleging that he was sexually abused by a State employee while he was admitted to a State-operated healthcare facility known as Sagamore Children's Psychiatric Center. Subsequently, the State moved pursuant to CPLR 3211(a)(2) to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b). The State contended that the Court of Claims lacked subject matter jurisdiction over the claim because the claimant failed to adequately allege the "time when" his claim arose in compliance with Court of Claims Act § 11(b). The claimant opposed the motion and filed an amended claim.
By order dated April 13, 2022, the Court of Claims granted the State's motion, and, sua sponte, dismissed the amended claim.
"'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724). Court of Claims Act § 11(b) requires a "claim to [*2]specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Lepkowski v State of New York, 1 NY3d 201, 207 [alterations and internal quotation marks omitted]).
The "guiding principle informing" the pleading requirements of section 11(b) is that the information be sufficiently definite "'to enable the State . . . to investigate the claim[s] promptly and to ascertain its liability under the circumstances'" (Lepkowski v State of New York, 1 NY3d at 207, quoting Heisler v State of New York, 78 AD2d 767, 767). "[A]bsolute exactness is not required" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks omitted]; see Morra v State of New York, 107 AD3d 1115, 1115). However, "[t]he Court of Claims Act does not require the State to ferret out or assemble information that section 11(b) obligates the claimant to allege" (Lepkowski v State of New York, 1 NY3d at 208). "The determination whether a claimant's statement of the 'time when' the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination depending upon the nature of the claim and specificity of allegations set forth in the claim" (Meyer v State of New York, 213 AD3d 753, 755; see Fenton v State of New York, 213 AD3d 737, 739).
Under the circumstances of the present case, the claimant failed to satisfy the "time when . . . [the] claim arose" requirement of Court of Claims Act § 11(b), since the claim failed to correctly identify the range of dates on which the alleged negligence and injury occurred (see Smith v State of New York, 213 AD3d 789, 790-791; Sacher v State of New York, 211 AD3d 867, 876; Matter of DeMairo v State of New York, 172 AD3d 856, 857; cf. Meyer v State of New York, 213 AD3d at 757). "Even when a claimant has no other avenue of recovery, this failure is a fatal jurisdictional defect" (Smith v State of New York, 213 AD3d at 790 [citation omitted]).
Moreover, a jurisdictionally defective claim may not be cured by amendment (see Sacher v State of New York, 211 AD3d at 870; Matter of DeMairo v State of New York, 172 AD3d at 857). Accordingly, the Court of Claims properly, sua sponte, dismissed the amended claim.
The claimant's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court