Rebecca J. v State of New York (2025 NY Slip Op 03315)

Rebecca J. v State of New York

2025 NY Slip Op 03315

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-01311

[*1]Rebecca J. (Anonymous), etc., appellant,
v
State of New York, respondent. (Claim No. 139479)

Kelner & Kelner, New York, NY (Joshua D. Kelner of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Joshua N. Cohen of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Brian R. Haak, J.), dated November 28, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is affirmed, with costs.
On January 20, 2022, the claimant served upon the Office of the New York State Attorney General a notice of intention to file a claim to recover damages for personal injuries based upon the alleged negligence of the State in its, inter alia, operation, management, maintenance, and control of a roadway and intersection in Westchester County. The notice of intention alleged that on October 30, 2021, the claimant was a bicyclist crossing Route 9 with the light when she was struck by a motor vehicle. In her subsequent claim dated July 13, 2023, the claimant alleged that at the time of the accident, she was a bicyclist with the pedestrian light in her favor who had crossed one of the two lanes of Route 9 prior to being struck by a motor vehicle. The claim also set forth a specific list of alleged acts and omissions by the State, which included allegations not raised in the notice of intention.
The State subsequently moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the claim for failure to meet the pleading requirements of Court of Claims Act § 11(b). The State argued that the claimant's allegations in the notice of intention did not adequately allege how she was injured or how the State was negligent. Specifically, the State argued that it is unclear in the notice of intention whether the claimant was riding her bicycle or was a pedestrian at the time of the accident. The claimant opposed the motion. In an order dated November 28, 2023, the Court of Claims granted the State's motion. The claimant appeals.
Court of Claims Act § 11(b) "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Williams v State of New York, 224 AD3d 790, 791 [alteration and internal quotation marks omitted]). "The notice of intention to file a claim shall set forth the same matters [as a claim] except that the items of damage or injuries and the sum [*2]claimed need not be stated" (Court of Claims Act § 11[b]; see Sacher v State of New York, 211 AD3d 867, 870). "Because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [alteration and internal quotation marks omitted]). Accordingly, "[a] failure to comply with the requirements set forth in sections 10(3) and 11(b) of the Court of Claims Act is a jurisdictional defect compelling the dismissal of the claim" (Criscuola v State of New York, 188 AD3d 645, 646; see Hargrove v State of New York, 138 AD3d 777, 777-778).
Although section 11(b) does not require absolute exactness, "'it requires a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances'" (Martinez v State of New York, 215 AD3d 815, 816, quoting Grumet v State of New York, 256 AD2d 441, 442; see Musumeci v State of New York, 220 AD3d 877, 878). "Conclusory or general allegations of negligence that fail to state the manner in which the claimant was injured and how the State was negligent do not meet its requirements" (Kimball Brooklands Corp. v State of New York, 180 AD3d at 1032 [alterations and internal quotation marks omitted]; see Sardegna v State of New York, 218 AD3d 700, 701).
Here, the notice of intention failed to particularize the nature of the claim against the State (see Pressley v State of New York, 230 AD3d 1168, 1169; Kimball Brooklands Corp. v State of New York, 180 AD3d at 1033). Contrary to the claimant's contention, "the State is not required to go beyond a claim or notice of intention in order to investigate an occurrence or ascertain information which should be provided pursuant to Court of Claims Act § 11" (Hargrove v State of New York, 138 AD3d at 778 [internal quotation marks omitted]).
Where a notice of intention is deficient, it cannot serve to extend a claimant's time to file a claim beyond the 90-day statutory period (see Court of Claims Act § 10[3]; Sacher v State of New York, 211 AD3d at 876). Therefore, the claimant's claim, which was filed approximately 20 months after the accrual of the claim, was untimely (see Sacher v State of New York, 211 AD3d at 876; Criscuola v State of New York, 188 AD3d at 646). "The claimant's failure to comply with the filings requirements of the Court of Claims Act deprived the Court of Claims of subject matter jurisdiction" (Hargrove v State of New York, 138 AD3d at 778).
In light of our determination, the parties' remaining contentions need not be reached.
Accordingly, the Court of Claims properly granted the State's motion pursuant to CPLR 3211(a) to dismiss the claim.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court