Port Grove Assoc. v State of New York
2026 NY Slip Op 03990
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Port Grove Associates, et al., appellants,
v
State of New York, respondent. (Claim No. 137906)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-06747
Cheryl E. Chambers, J.P.
Paul Wooten
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

James M. Burke, Port Jefferson, NY, for appellants.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and David Lawrence III of counsel), for respondent.

[*1]
DECISION & ORDER
In a claim to recover damages for the taking of real property pursuant to an eminent domain proceeding, the claimants appeal from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated April 7, 2023. The order granted the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the claim is denied.
In July 2019, the State of New York appropriated certain portions of the claimants' real property located in Brookhaven. In August 2019, the State served the claimants with notices of appropriation.
On June 23, 2022, the claimants filed a claim in the Court of Claims to recover damages for the State's appropriation of their property. The claimants served the claim upon the Office of the Attorney General by regular first-class mail. On August 1, 2022, the Attorney General filed an answer on behalf of the State, in which the State asserted, as an affirmative defense, that the court lacked personal jurisdiction over the State and lacked subject matter jurisdiction over the claim because the claimants used an improper method of service of the claim.
Thereafter, the State moved for summary judgment dismissing the claim for lack of subject matter and personal jurisdiction based upon the claimants' failure to properly serve the claim. In an order dated April 7, 2023, the Court of Claims granted the State's motion. The claimants appeal.
"The State's waiver of immunity from suits for money damages is not absolute, but rather is contingent upon a claimant's compliance with specific conditions placed on the waiver by the Legislature" (Lepkowski v State of New York, 1 NY3d 201, 206). "The conditions are set forth in Court of Claims Act §§ 8-12" (Sacher v State of New York, 211 AD3d 867, 869), and "[t]he failure to satisfy any of the conditions is a jurisdictional defect" (Kolnacki v State of New York, 8 NY3d 277, 281). Failure to serve a claim in the manner required by Court of Claims Act § 11 is regarded as a jurisdictional defect requiring dismissal of the claim (see Dreger v New York State Thruway Auth., 81 NY2d 721, 723-724).
Contrary to the State's contention, the State failed to demonstrate its entitlement to summary judgment dismissing the claim on the ground that the claimants failed to serve the Attorney General in the manner provided for in Court of Claims Act § 11(a)(i). Court of Claims Act § 11 generally requires that a claim against the State be served upon the Attorney General personally or by certified mail, but it provides an express exception "in the case of a claim for the appropriation by the state of lands" (id. § 11[a][i]). Here, where the claim sought only to recover damages for the State's appropriation of the claimants' property, service upon the Attorney General by personal service or certified mail was not required (see id.; see also Sutton v State of New York, 275 App Div 992, affd 301 NY 629).
Court of Claims Act § 10 reflects a similar unique exception for appropriation claims. While most types of claims must be both "filed and served upon the attorney general" to be properly commenced within the time prescribed by the statute (id. § 10[2], [3], [3-a], [4]), a "claim for the appropriation by the state of lands" does not require service upon the Attorney General within the statutory time limit (id. § 10[1]).
The legislative record relating to Court of Claims Act § 11 offers a rationale for this unique exception for appropriation claims. The language exempting appropriation claims from the requirement of service upon the Attorney General was added to Court of Claims Act § 11 in 1984, after a failed attempt to pass a similar amendment in 1983. In a letter in support of the 1983 proposed amendment, counsel to the State Unified Court System stated that the proposed amendment was "sound and equitable because service of a copy of a claim on the representatives of the State is unnecessary in respect to actions which in reality are initiated by the State through appropriation of property. The State, in these actions, has actual notice of the appropriation" (Letter from NY St Unified Ct Sys, July 12, 1983, Veto Jacket, Veto 59 of 1983 at 11). Counsel further noted in the letter that the proposed amendment would "codif[y] the law as expressed in Sutton v. State of New York" (id.; see Sutton v State of New York, 275 App Div at 992). In Sutton, the Appellate Division, Fourth Department, determined that "service of a copy of the claim on the Attorney-General as provided for in section 11 of the Court of Claims Act is not a requirement precedent to the jurisdiction of the Court of Claims to determine the amount of compensation for [a] taking" (Sutton v State of New York, 275 App Div at 992), despite the fact that, at the time, Court of Claims Act § 11 contained no express exception for appropriation claims (see L 1939, ch 860). The Court of Appeals affirmed the Fourth Department's determination in Sutton, without issuing a separate opinion (see Sutton v State of New York, 301 NY 629).
The Governor vetoed the 1983 proposed amendment to Court of Claims Act § 11 due to concerns that the proposed changes would result in the Attorney General not receiving notice of appropriation claims in time to respond to them (see Governor's Veto Mem, Senate Bill 6047-A, Veto Jacket, Veto 59 of 1983 at 18). However, these concerns were later addressed in the successful 1984 bill (see L 1984, ch 427, §§ 1-2) by the inclusion of a corresponding amendment to section 508 of the Eminent Domain Procedure Law.
Pursuant to the amendment enacted in 1984 (see L 1984, ch 427, § 2), EDPL 508 now directs that "in a claim for damages arising from the acquisition of real property [by the State], the time within which the condemnor must file its appraisal shall be computed from the date on which the attorney general shall have been served in the manner provided for in section eleven of the court of claims act." By cross-referencing "section eleven of the court of claims act," EDPL 508 reflects a clear intent for service of an appropriation claim upon the Attorney General to be effectuated either by personal service pursuant to CPLR 307 or by certified mail, return receipt requested, as these are the two methods of service described in Court of Claims Act § 11 (see id. § 11[a][i]).
However, contrary to the State's contention, a claimant's failure to comply with the service requirements of EDPL 508 does not warrant dismissal of the claim. Rather, the plain language of EDPL 508 provides that proper service of an appropriation claim upon the Attorney General merely triggers the Attorney General's obligation to file an appraisal of the subject property.
This understanding of the statutory text is "buttressed" by the legislative history [*2](Alcantara v Annucci, 42 NY3d 142, 150; see generally People v Badji, 36 NY3d 393, 399). The legislative record, which reflects unanimous support for the 1984 amendments to Court of Claims Act § 11 and EDPL 508, demonstrates that the bill's supporters did not view the service requirements of EDPL 508 to be jurisdictional in nature. The Attorney General wrote a memorandum in support of the 1984 amendment in which he stated, inter alia, that under the new law, "an appropriation claimant would not have to effectuate timely service on the Attorney General to comply with the jurisdictional requirements of the [Court of Claims] Act," but "in fairness, the State would be under no time limitation to file its appraisal until [the Attorney General's] office is served with the claim" (Atty Gen Mem for Governor, Bill Jacket, L 1984, ch 427 at 13). The Attorney General further stated that "without evading the holding of Sutton v State, that service is not required in an appropriation case, this bill provides for adequate notice to [the Attorney General's] office of appropriation claims before the State's appraisal must be filed in such cases" (id. at 14 [citation omitted]). The Presiding Judge of the Court of Claims also wrote a letter in support of the 1984 bill, stating that it "provides that in appropriation cases jurisdiction will obtain upon the filing of the claim, without the added requirement of service on the Attorney General" (Letter from Presiding Judge of Ct of Claims, Bill Jacket, L 1984, ch 427 at 20).
Contrary to the State's contention, EDPL 503(A) also did not entitle the State to summary judgment dismissing the claim. EDPL 503(A) requires a claimant seeking damages arising from the State's acquisition of real property to "file within three years after service of the notice of acquisition . . . a claim for damages with the clerk of the court having jurisdiction of the matter, and a copy of said claim upon such other official designated in the notice of acquisition to receive such service." The statute further provides that "[i]n any acquisition pursuant to [EDPL 501(A)]," that is, an acquisition by the State, "service shall be upon the attorney general" (id.). Notably, EDPL 503(A) does not expressly require the claimant to serve the claim upon the Attorney General before the expiration of the three-year statute of limitations; rather, the statute requires the claimant to "file" a "copy" of the claim with the Attorney General (id.). To the extent that the provisions of EDPL 503(A) are ambiguous, this ambiguity is clarified by the legislative record (see Matter of United Jewish Community of Blooming Grove, Inc. v Washingtonville Cent. Sch. Dist., 42 NY3d 348, 355). As noted above, the legislative history of the amendments to Court of Claims Act § 11 and EDPL 508 clearly supports the claimants' position.
In summary, the claimants' failure to serve the State with a copy of the claim by personal service or by certified mail affected only the State's time to file its appraisal (see id.) and not the Court of Claims' jurisdiction to hear the claim (see Sutton v State of New York, 275 App Div at 992). Accordingly, the State's motion for summary judgment dismissing the claim should have been denied.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court