Farrell v State of New York
2026 NY Slip Op 03946
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jacqueline Farrell, appellant,
v
State of New York, respondent. (Claim No. 139979)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-04396
Mark C. Dillon, J.P.
Valerie Brathwaite Nelson
Lillian Wan
Phillip Hom, JJ.

Bloch & White LLP, New York, NY (Catherine G. Willett and Benjamin D. White of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Philip Levitz and Danny Y. Li of counsel), for respondent.

[*1]
DECISION & ORDER
In a claim, inter alia, to recover damages for negligent hiring, training, and supervision, the claimant appeals from an order of the Court of Claims (Brian R. Haak, J.), dated February 4, 2025. The order denied the claimant's motion pursuant to CPLR 3025(b) for leave to amend the first amended claim and, sua sponte, directed dismissal of so much of the first amended claim as alleged acts of sexual abuse occurring in October 2004.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of so much of the first amended claim as alleged acts of sexual abuse occurring in October 2004 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
In August 2023, the claimant commenced this claim against the State of New York pursuant to the Adult Survivors Act (ASA) (CPLR 214-j). The claim alleged, among other things, that the claimant had been sexually abused on three occasions by officers while in the State's custody. The first incident allegedly occurred in December 1987 at Taconic Correctional Facility, and the second incident allegedly occurred in March 2007 at Albion Correctional Facility. The third incident allegedly occurred on October 22, 2004, while the claimant was at the Manhattan Criminal Courthouse awaiting an arraignment. The claim alleged that each incident was perpetrated by a different officer. Based upon the foregoing, the claim alleged causes of action against the State to recover damages for, inter alia, negligent hiring, training, and supervision.
The claimant filed a first amended claim, making minor changes. Thereafter, in October 2024, after the time to file a claim pursuant to the ASA had expired, the claimant moved pursuant to CPLR 3025(b) for leave to amend the first amended claim. In the proposed second amended claim, the claimant sought to add three additional allegations of sexual abuse perpetrated against her while in the custody of the State. The first additional incident allegedly occurred in "approximately spring or summer of 1987," while the second additional incident allegedly occurred "in [the] summer of 1987," both at Taconic Correctional Facility. The third additional incident allegedly occurred "between 1977 and 1980" at the Manhattan Criminal Courthouse. The proposed second amended claim alleged that individuals separate and distinct from each other and from those individuals named in the original claim and the first amended claim perpetrated the newly alleged [*2]incidents of sexual abuse. The proposed second amended claim also sought to "[c]orrect[ ] a typographical error" in the date of the abuse alleged in the original and first amended claims that allegedly occurred on October 22, 2004, so as to allege that this abuse occurred on September 21, 1994.
By order dated February 4, 2025, the Court of Claims denied the motion and, sua sponte, directed dismissal of so much of the first amended claim as alleged acts of sexual abuse occurring in October 2004. The claimant appeals.
"A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "The decision whether to grant such leave is within the court's sound discretion and the exercise of that discretion will not be lightly disturbed" (Merlino v Knudson, 214 AD3d 642, 644 [internal quotation marks omitted]; see Esposito v Larig, 241 AD3d 782, 787). "The relation-back doctrine permits a plaintiff to interpose a claim . . . which would otherwise be time-barred, where the allegations of the original [claim] gave notice of the transactions or occurrences [or series of occurrences] to be proven and the cause of action would have been timely interposed if asserted in the original [claim]" (Moezinia v Ashkenazi, 136 AD3d 990, 992; see CPLR 203[f]; Matter of Eshaghian, 241 AD3d 1465, 1466). "The relation-back doctrine is inapplicable where the original allegations did not provide the defendant notice of the need to defend against the allegations of the amended [claim]" (Moezinia v Ashkenazi, 136 AD3d at 992).
Here, the allegations of the original claim and the first amended claim that the claimant was sexually abused on three distinct occasions in 1987, 2004, and 2007, at three different facilities, failed to give notice of the transactions, occurrences, or series of occurrences to be proven and the need to defend against the newly alleged incidents of sexual abuse in the proposed second amended claim (see CPLR 203[f]). Although the newly alleged incidents of sexual abuse occurred at Taconic Correctional Facility and the Manhattan Criminal Courthouse, two of the facilities involved in the three original incidents, the newly alleged incidents involved different individuals and occurred before any of the three original incidents alleged in the original claim and the first amended claim. As a result, the relation-back doctrine does not apply and the newly alleged incidents of sexual abuse are time-barred (see Moezinia v Ashkenazi, 136 AD3d at 992; cf. Matter of Eshaghian, 241 AD3d at 1466). Accordingly, the Court of Claims properly denied that branch of the claimant's motion which was for leave to amend the first amended claim to allege new allegations of sexual abuse.
"The Court of Claims Act waives the State's immunity from suits for money damages, but only insofar as 'the claimant complies with [its] limitations'" (Wright v State of New York, 43 NY3d 532, 538, quoting Court of Claims Act § 8). "[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Lichtenstein v State of New York, 93 NY2d 911, 913 [internal quotation marks omitted]; see Criscuola v State of New York, 188 AD3d 645, 646). Section 11(b) of the Court of Claims Act requires a claim to specify "(1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed'" (Lepkowski v State of New York, 1 NY3d 201, 207, quoting Court of Claims Act § 11[b]; see D.G. v State of New York, 214 AD3d 713, 714). "[T]he claim must provide a sufficiently detailed description of the particulars of the claim to enable [the State] to investigate and promptly ascertain the existence and extent of its liability" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks omitted]; see Morra v State of New York, 107 AD3d 1115, 1115-1116). While absolute exactness is not required, "[t]he State is not required to ferret out or assemble information that [Court of Claims Act § 11(b)] obligates the claimant to allege" (Vallarta v State of New York, 211 AD3d 884, 884 [internal quotation marks omitted]; see Criscuola v State of New York, 188 AD3d at 646). "The determination whether a claimant's statement of the 'time when' the claim arose is sufficiently definite to enable the State to investigate and ascertain its liability under the circumstances is a sui generis determination depending upon the nature of the claim and specificity of allegations set forth in the claim" (Meyer v State of New York, 213 AD3d 753, 755; see Fenton v State of New York, 213 AD3d 737, 739).
Here, in addition to seeking to allege new incidents of sexual abuse, the proposed [*3]second amended claim also sought to amend so much of the first amended claim as alleged acts of sexual abuse occurring in October 2004, so as to allege that this abuse occurred in September 1994. Based upon this proposed amendment, the claimant failed to satisfy the "time when [the] claim arose" requirement of Court of Claims Act § 11(b), since the original claim failed to correctly identify the date on which this alleged sexual abuse occurred (see Musumeci v State of New York, 220 AD3d 877, 879; Matter of DeMairo v State of New York, 172 AD3d 856, 856-857). This failure is a "fatal jurisdictional defect" (Smith v State of New York, 213 AD3d 789, 790), which "may not be cured by amendment" (Musumeci v State of New York, 220 AD3d at 879; see Sacher v State of New York, 211 AD3d 867, 870). Accordingly, the Court of Claims properly denied that branch of the claimant's motion which was to amend so much of the first amended claim as alleged acts of sexual abuse occurring in October 2004 and properly, sua sponte, directed dismissal of that portion of the first amended claim (see Sacher v State of New York, 211 AD3d at 870; Matter of DeMairo v State of New York, 172 AD3d at 857).
The claimant's remaining contents need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court